767 P.2d 54

Gail S. JACKSON, individually; Max J. Gottschalk, individually and dba Max's Enterprises, ME, Godesca, Imagineering, and/or Gottschalk Engineering; and Fred Frye, individually and dba Fred Frye Stables and/or Fred Frye Boarding and Training, Plaintiffs/Appellants,

v.

PIMA COUNTY, a body politic, Defendant/Appellee.

No. 2 CA–CV 88–0261.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 22, 1988.

Haralson, Kinerk & Morey, P.C. by W. Daniel Shelton, Tucson, for plaintiffs/appellants.

Murphy, Clausen & Goering, P.C. by Michael F. McNamara, Tucson, for defendant/appellee.

## OPINION

LACAGNINA, Chief Judge.

The only issue raised by this appeal is whether the trial court correctly applied the one-year statute of limitations, A.R.S. § 12–541(3), to bar the claim of Gail S. Jackson, Max J. Gottschalk and Fred Frye (Jacksons) against Pima County for negligence and negligence per se. We affirm.

### FACTS

Jacksons own property adjacent to the Rillito River and to property owned by Edison Realty Associates. In 1979, Edison constructed bank protection for its property with the approval of Pima County pursuant to Pima County Flood Ordinance No. 1974–86. The construction permit approving the bank protection was required by statute because the property is within the 100–year floodplain. Jacksons allege that their property was damaged during the October 1983 flood when the cement bank protection constructed by Edison to protect its property diverted floodwater onto their property. They claim that Pima County was negligent in approving Edison's application and issuing the permit for construction of the bank protection. The damage occurred in 1983 and suit was filed in 1985.

### LIABILITY CREATED BY STATUTE

The county argues that there is no common law duty which requires it to regulate the use of private property by its owners so as to protect other property owners from flooding arising from that use. The county concludes that Jacksons' claims of liability are "created by statute" and therefore barred by A.R.S. § 12–541(3).

Jacksons argue that the enactment of the floodplain statute and ordinance did not create an independent tort action and that there is no difference between the statutory duty and common law duty under the circumstances of this case. However, Jacksons fail to provide us with any legal authority which indicates that prior to the enactment of the floodplain statutes and ordinances Pima County had a common law duty to approve and permit river bank protection or to require builders and developers to study the potential impact of bank protection for the benefit of private parties.

In the absence of a common law duty, we conclude that any duty owed to Jacksons was created by the floodplain

statutes and ordinance. A.R.S. § 48–3603, et seq., Pima County Ordinance No. 1974–86. The Pima County ordinance provides in Sec. 1403 in part as follows:

1. RESPONSIBILITY FOR PERMITS. It shall be the duty of the County Zoning Inspector and all departments, officials, and public employees vested with the duty or authority to issue permits or licenses, to enforce the provisions of this Ordinance and issue no such license or permit for uses or building where the same would be in conflict with the provisions of this Ordinance and any such license or permit if issued in conflict with the provisions of this Ordinance, shall be null and void.

■ The duty to approve plans and issue permits was created by the ordinance and not common law. Jacksons claim the county is liable because it negligently issued a permit and approved plans for Edison's construction of bank protection. The claim of negligence must be brought within the one-year statute of limitations. There are several Arizona cases supporting the view that A.R.S. § 12–541(3) applies to actions which claim that government officials acted or failed to act pursuant to a duty imposed by statute. *See Haws v. Fracarol*, 72 F.2d 461 (9th Cir.1934); *Taylor v. Betts*, 59 Ariz. 172, 124 P.2d 764 (1942); *Griffith v. State*, 41 Ariz. 517, 20 P.2d 289 (1933).

We reject Jacksons' argument that because a provision of the Pima County ordinance disclaims liability, no liability was created by the statute, and § 12–541(3) is therefore inapplicable. Whether or not the disclaimer provision of the ordinance could defeat Jacksons' right to recover damages for breach of the duties imposed by the statutes and ordinances discussed here is not before us and will be answered when a claim is brought within the statute of limitations. The disclaimer of liability provision cannot be singled out as determinative of the statute of limitations issue and must be considered together with all of the provisions of the comprehensive floodplain statutes and ordinances creating the obligations and duties of property owners and the county within the floodplain. The rela-

tionship of the county and owners of property within the floodplain is governed by statute. Claims of negligent conduct arising from doing or failing to do any act required by the statute are governed by A.R.S. § 12–541(3).

AFFIRMED.

ROLL, P.J., and FERNANDEZ, J., concur.