884 P.2d 1100

Thomas J. OWENS, an unmarried man,
Plaintiff–Appellant/Cross–Appellee,

v.

CITY OF PHOENIX, a municipal
corporation, Defendant–Appel-
lee/Cross–Appellant.

No. 1 CA–CV 92–0294.

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 15, 1994.

1. Limitation of Actions ⚷95(3)

Bryan Cave by Steven A. Hirsch, Phoenix, for plaintiff-appellant/cross-appellee.

Roderick G. McDougall, City Atty. by E. Elizabeth Barstack, Asst. City Atty., Phoenix, for defendant-appellee/cross-appellant.

## OPINION

JACOBSON, Acting Presiding Judge.

The main issue presented by this appeal is when a cause of action accrues, for the purpose of commencing the running of statutes of limitations, in a suit seeking city relocation assistance and payments after the City of Phoenix (City) purchased the condemned property.

Thomas J. Owens (Owens) brought an action against the City seeking relocation expenses, damages for negligence, and damages under 42 U.S.C. § 1983 (§ 1983). The trial court ruled that the claims were barred by the applicable statutes of limitations. The trial court also held that Owens had failed to state a claim under § 1983. Summary judgment was entered in favor of the City, and Owens timely appealed. We reverse.

The City cross-appeals from the trial court's ruling that Owens' lawsuit was not barred by a failure to exhaust his administrative remedies or by the doctrine of *res judicata*. We affirm the trial court's rulings on the cross-appeal.

## FACTS AND PROCEDURAL HISTORY

Owens owned real property at 1708–1712 East Mohave in Phoenix that he used for non-residential business purposes (the "business property" or "displacement property"). The business property was acquired by the City as part of its West Approach Land Acquisition Project (the "WALA Project"), in which the City acquired a block of land west of Sky Harbor International Airport. As a

result of the acquisition, Owens was entitled to relocation payments and assistance for the move of his equipment and other personal property from the displacement property to his new business site (or "replacement property") pursuant to both the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, (the "Federal Relocation Act"), 42 U.S.C. §§ 4601 through 4655, and the Arizona Relocation Act, A.R.S. §§ 11–961 through 11–974.

The City began negotiating with Owens for the purchase of his business property on July 10, 1985. On August 13, 1985, the City sent Owens a "Determination Letter," which indicated that he might be eligible for the following relocation benefits:

1. Actual reasonable moving and related expenses in an amount to be determined upon submission of appropriate documentation, and site search expenses of up to $500; or

2. An in lieu payment of $2,500 to $10,000, with the amount to be determined upon submission of documentation establishing eligibility for an in lieu payment.[1]

Although the Determination Letter provided that eligibility for these relocation benefits was dependent upon Owens' "timely submission of required documentation," it did not specify the documents needed, nor did it indicate a deadline for their submission. The Determination Letter stated that July 10, 1985 (the date on which the negotiations for the purchase of the business property began) constituted Owens' "eligibility date" for relocation assistance. The letter further provided that "[a]ny appeal must be filed and/or requested within 30 days of the receipt of this letter to be valid." Owens did not file an appeal in response to the Determination Letter.

On May 13, 1987, while the parties were still negotiating the purchase of Owens' business property, Owens filed a complaint against the City in Maricopa County Superior Court (the "1987 Complaint"), alleging claims on behalf of both himself individually and as part of a class action. Owens' individual claims focused on his residential property, which was also being acquired by the City as part of the WALA Project.[2] The class action was brought on behalf of the following parties:

All current owners, and all previous owners who have sold property within the described area to the city, since the date on which the [City] first began consideration of a consolidated plan for the future acquisition of properties bounded on the east side by 24th street, the south by the Maricopa Freeway, the North by the Southern Pacific Railroad right of way and on the west by 14th Street, which date is believed by the Plaintiff ... to have been not earlier than 1974.

Both Owens' residential property and his business property fell within the above property boundaries. Accordingly, the class action did pertain to Owens' business property.

The 1987 Complaint alleged that the City had violated various state and federal laws, including the relocation acts. However, the 1987 Complaint sought relocation assistance and payments solely for expenses associated with Owens' residential property. The class action focused on the City's alleged abuse of the condemnation procedures. The 1987 Complaint was dismissed with prejudice on August 7, 1987, without a class being designated.

The City obtained a final order of condemnation on Owens' business property on November 13, 1987. Subsequent to the entry of that order, Owens and the City made numerous attempts to reach an agreement with respect to Owens' relocation benefits. These included several letters by the City to Owens seeking additional documents to determine his eligibility for an in lieu payment. The City also sent him numerous letters com-

---

1. An "in lieu" payment is basically a "buy-out" of the business. A business qualifies for an in-lieu payment when it demonstrates that it will not be profitable to relocate the business.

2. The allegations underlying Owens' individual claims did mention the business property, alleging that it was the subject of an eminent domain complaint that had been filed to "coercively deprive plaintiff [Owens] of his business and income from that source...." The individual claims did not seek any relief relating to the business property.

plaining about his lack of cooperation and warning that his continual refusal to allow the City's move consultant onto his business property to estimate moving costs could "place us [the City] in the unwanted, unnecessary and even awkward position of having to deny eligibility for relocation payments."

On March 1, 1988, Owens sent the City an "Intent to Move Notice" indicating that he would be off the business property by March 31, 1988, and claiming that he was entitled to advance hardship payments for the move because of the City's continual refusal to provide him with relocation assistance. On April 8, 1988, Owens filed an "Incident Report" claiming that the City had not provided him with relocation assistance for his business property. On June 9, 1988, Owens filed another "Incident Report" contending that the City had never responded to his April 8, 1988, appeal as required by the City's own appeal procedures.

When the parties were unable to reach an agreement with regard to Owens' move, Owens undertook an unauthorized self-move, which he completed on March 6, 1989. The City designated his move date, March 6, 1989, as his "vacate date" and the City's "control date" over the business property. In Owens' relocation file, the City indicated that Owens had until September 6, 1990, to make a claim for relocation benefits, eighteen months after his move date.

On January 8, 1990, Owens filed another "Incident Report" with the City, seeking post-displacement damages under the relocation statutes. The City received this claim but never responded to it. As a result, Owens filed the complaint underlying the present action on April 6, 1990. He subsequently amended his complaint to assert three claims against the City: a claim for relocation payments and assistance under both the Federal and Arizona Relocation Acts; a claim for deprivation of his due process rights under 42 U.S.C. § 1983; and a claim for negligent deprivation of his relocation benefits.

The City moved for summary judgment, or dismissal, arguing that all of the claims were barred by the applicable statutes of limitations; that Owens had failed to state a § 1983 claim; that he had failed to exhaust his administrative remedies; and that the dismissal of his 1987 Complaint barred this lawsuit under the doctrine of *res judicata*.

The trial court granted summary judgment in favor of the City, ruling that all three claims were barred by the applicable statutes of limitations. The court further held that Owens failed to state a § 1983 claim. The trial court rejected the City's remaining arguments.

Following denial of Owens' motion for new trial/motion for reconsideration, he filed this appeal, seeking reversal of the trial court's determination that his claims were time-barred and that he failed to state a § 1983 claim. The City cross-appealed from the court's rejection of its *res judicata* and administrative remedies arguments. The following issues are presented:

1. Were any or all of Owens' claims barred by the applicable statutes of limitations?

2. Has Owens stated a valid § 1983 claim?

3. Are Owens' claims barred because he failed to exhaust his administrative remedies?

4. Are Owens' claims barred by the doctrine of *res judicata?*

## DISCUSSION

### I. Standard Of Review

The statutes of limitations, administrative remedies, and *res judicata* issues were resolved by summary judgment. This court reviews the entry of summary judgment to determine if the appellee is entitled to judgment as a matter of law. *Orme School v. Reeves,* 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). We view the facts in the light most favorable to the party against whom judgment was taken. *Wagenseller v. Scottsdale Memorial Hosp.,* 147 Ariz. 370, 388, 710 P.2d 1025, 1043 (1985). We review questions of law *de novo. Libra Group, Inc. v. State,* 167 Ariz. 176, 179, 805 P.2d 409, 412 (App. 1991).

Owens' § 1983 claim was dismissed pursuant to Rule 12(b)(6), Arizona Rules of Civil Procedure, for failure to state a claim. This

court will affirm a dismissal for failure to state a claim only if the allegations of the complaint do not state a cause of action recognized by law. *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984). Again, the material allegations of the complaint are assumed to be true and are treated in the light most favorable to the plaintiff in considering whether or not the claim should be dismissed. *Sierra Madre Dev., Inc. v. Via Entrada Townhouses Ass'n,* 20 Ariz.App. 550, 552, 514 P.2d 503, 505 (1973).

## II. Statutes Of Limitations Do Not Bar Owens' Claims.

### A. The Trial Court Erred in Determining when Owens' Relocation Act Claims Accrued.

■ Because Owens' claim for relocation benefits is statutory in nature, his claim for these benefits is subject to the one-year statute of limitations set forth in A.R.S. § 12–541(3).[3] The parties disagree when Owens' cause of action under the relocation statutes arose.

Initially, in ruling on the summary judgment motion, the trial court appeared to hold that Owens' cause of action accrued in August 1985, upon receipt of the City's general "Determination Letter." Later, the court reconsidered the issue and found that the limitations period was triggered on November 13, 1987, the date when the City obtained the final order of condemnation on the business property. In either case, the court ruled that the one-year limitations period had expired by April 6, 1990, when the action for relocation benefits was filed.

The trial court erred in its determination of when Owens' cause of action for relocation payments accrued. A cause of action accrues when a plaintiff is aware of the right to bring an action or when the plaintiff discovers or reasonably should have discovered the existence of the claim. *Zuck v. State,* 159 Ariz.

37, 40–41, 764 P.2d 772, 775–76 (App.1988). Therefore, we must determine when Owens' right to relocation benefits arose and when these claims for benefits were effectively denied by the City.

The Arizona Relocation Act provides that a person does not become eligible for relocation payments, other than advance hardship payments, until after he or she has actually *moved* (or become "displaced") from the property. *See* A.R.S. § 11–961(4) (defining a "displaced person" as someone *who moves from* or *who moves his personal property from* the real property being acquired) (emphasis added). The cases interpreting the federal act and comparable state relocation acts have affirmed that a person's eligibility for relocation benefits arises upon his or her relinquishment of possession of the property. *See, e.g., Board of County Comm'rs v. Ferrebee,* 844 P.2d 308, 312 (Utah 1992) (Federal and Utah Relocation Acts protect only landowners who are physically displaced in some fashion by condemnation); *Superior Strut & Hanger Co. v. Port of Oakland,* 72 Cal. App.3d 987, 999, 140 Cal.Rptr. 515, 521 (1977), *but superseded by statute* as stated in *Melamed v. City of Long Beach,* 15 Cal. App.4th 70, 18 Cal.Rptr.2d 729 (Dist. 2 1993) (operative date for eligibility of expenses incident to relocation after property is taken for public use is moving date of displaced person); *Marini v. Borough of Woodstown,* 146 N.J.Super. 235, 369 A.2d 919, 922–23 (App. Div.1976) (claimant must have physically moved off of property to constitute "displaced person" entitled to relocation assistance).

Owens moved off the property on March 6, 1989. Therefore, he became a "displaced person" and eligible for relocation assistance on that date. Owens could file a claim for relocation payments up to eighteen months after the date of his displacement or the date of final payment for the acquisition of his business property, whichever occurred later.[4]

---

3. This statute provides:

> There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, ... [an action] upon a liability created by statute, other than a penalty or forfeiture.

A.R.S. § 12–541(3).

4. The City's Relocation Procedures indicate that the City follows the Federal Relocation Act guidelines and observes an eighteen-month post-displacement claim period. Further, the City's records stated that Owens had up to eighteen

In this case, the date of displacement controls and, therefore, Owens had until September 6, 1990—or eighteen months after his March 6, 1989, displacement—to file a relocation claim with the City. He filed a claim for post-displacement relocation benefits on January 8, 1990, well within that eighteen-month period.

    Under the City's Relocation Appeal Procedures, the City must set a hearing on or issue a written response to a relocation claim within 30 days of receiving the claim.[5] Yet, the City never responded to Owens' January 8, 1990, claim. Accordingly, Owens reasonably should have been aware that he had a cause of action against the City for failure to provide relocation assistance on February 8, 1990, thirty days after he filed his relocation claim with the City.[6] As a result, the one-year statute of limitations began to run at that time and Owens had until February 7, 1991, to file his complaint for relocation benefits.[7] *See Zuck,* 159 Ariz. at

40–41, 764 P.2d at 775–76. Owens filed his complaint on April 6, 1990, within the limitations period.[8]

    We reject the City's argument that Owens should have been aware of the denial of his relocation claims at an earlier date. First, we do not find that the Determination Letter dated August 13, 1985, constituted a denial of his claim. That letter did not limit the benefits which Owens could claim, nor did it deny relocation benefits to Owens. Rather, it simply informed him that he could be eligible to receive relocation benefits upon submission of "appropriate" documentation. Because the letter did not set forth any decision from which Owens could appeal, it did not trigger the statute of limitations.

    Second, we do not believe that Owens' relocation claims accrued upon the filing of his April 1988 incident report seeking relocation assistance. Although the incident report and other letters indicate that Owens was

months after his move date to make a relocation claim.

5. The record contains at least four different versions of the City's Relocation Appeal Procedures. It is unclear which of the procedures was in effect during the pertinent time period. However, each version submitted requires some type of responsive action by the City within 30 days of the filing of a claim for relocation benefits.

6. We reject Owens' contention that his cause of action did not accrue until 60 days after the filing of his January 1990 claim. He relies on A.R.S. § 12–821, Arizona's notice of claim statute, which provides that a claimant has 12 months to provide public entities with notice of a claim. If the public entity fails to take action within 60 days, the claimant may consider the claim denied and file an action against the public entity in superior court. A.R.S. § 12–821. Owens argues that the notice of claim statute tolls the applicable statute of limitations. However, A.R.S. § 12–821 does not contain a tolling provision and claims must be brought within the otherwise applicable period of limitations. *Mammo v. State,* 138 Ariz. 528, 531, 675 P.2d 1347, 1350 (App.1983).

7. In reaching this decision we disagree with the opinion of the California Court of Appeals in *Superior Strut & Hangar Co. v. Port of Oakland,* 72 Cal.App.3d 987, 140 Cal.Rptr. 515 (1977). In that case, the court held that the 18–month claim eligibility provision set forth in the guidelines to the California Relocation Act constituted the limitations period for California relocation claims

instead of the one-year statute of limitations normally applied to such statutory claims. *Id.* at 1003, 140 Cal.Rptr. at 524.

Although we believe the 18–month eligibility period set forth in the federal and Arizona guidelines is relevant in determining when Owens became eligible for relocation benefits and when he might file a claim to trigger government action, this provision does not supersede the one-year limitations period set forth in A.R.S. § 12–541(3). Instead, once Owens' cause of action accrues, it is subject to this one-year statute of limitations.

8. The City argues on appeal that Owens' initial complaint, filed April 6, 1990, was never served and therefore abated as a matter of law pursuant to Rule 6(f), Arizona Rules of Civil Procedure. Owens filed and served an amended complaint on April 8, 1991, which the City asserts is the real commencement date of this action.

The City did not raise this abatement argument below and therefore has waived it. *Snow v. Steele,* 121 Ariz. 82, 86, 588 P.2d 824, 828 (1978). Moreover, Rule 6(f) is not self-executing, and the lower court had discretion to extend the time within which the City could be served. *Id.* at 83, 588 P.2d at 825. The court did precisely that in its December 6, 1990, minute entry, which provided that Owens had until April 9, 1991, to serve his complaint. Owens served his amended complaint within this extended deadline. Accordingly, for purposes of the statute of limitations analysis, we view Owens' action as filed on April 6, 1990.

frustrated with the relocation services offered by the City, they do not establish that he was aware that the City would withhold his relocation benefits. Even if we assumed that the April 1988 incident report sought "hardship benefits," which are available prior to removal from the property, and these benefits were rejected, Owens is not seeking recovery of these benefits. Rather, he seeks retroactive benefits which, under the Relocation Act, he did not become eligible for until he *moved* from the property. *See* A.R.S. § 11–961(4). Further, the City continued to send Owens letters during this time period indicating that a relocation agreement could still be reached.

In sum, Owens' cause of action for relocation benefits accrued on February 8, 1990, thirty days after he had filed a claim for such benefits with the City. At that time, Owens reasonably should have been aware that his claim for relocation benefits had been denied by the City. Owens filed his complaint against the City on April 6, 1990, well within the one-year limitations period. Accordingly, the trial court erred in finding that his relocation claims were barred by the statute of limitations.

### B. Owens' § 1983 Claim is not Time–Barred.

■ Section 1983 claims are subject to our state's two-year statute of limitations for personal injury actions, A.R.S. § 12–542(1). *Zuck,* 159 Ariz. at 40, 764 P.2d at 775. Again, Owens' claim accrued only when he knew or had reason to know of the claim. *Id.* Owens' § 1983 claim arises out of the City's denial of his relocation benefits and the City's alleged failure to follow the requirements of the Relocation Acts, including the appellate procedures. As with the Relocation Act claims, this claim did not accrue until February 1990, when Owens knew or should have known of the City's unwillingness to provide him with any relocation assistance or further pursue the matter through

its appellate procedures. Therefore, the trial court should not have held that this claim was barred by the statute of limitations.

### C. Owens' Negligence Claim is not Time–Barred.

■ Owens also asserted a claim against the City for the negligent administration of the Relocation Acts and for breaching its duty to provide proper relocation assistance. Both parties contend that the negligence claim is subject to the two-year statute of limitations set forth in A.R.S. § 12–542(1). However, claims of negligent conduct arising from the doing or failing to do an act required by statute are governed by the one-year limitations period set forth at A.R.S. § 12–541(3). *Jackson v. Pima County,* 159 Ariz. 331, 332–33, 767 P.2d 54, 55–56 (App. 1988) (when the alleged duty was created by statute and did not exist at common law, the claim is governed by the one-year limitations period of A.R.S. § 12–541(3)). Here, the state had no duty to provide relocation assistance or payments at common law. Therefore, Owens' negligence claim is governed by the one-year limitations period.

For the reasons discussed above, Owens' negligence claim did not arise until after his claim for relocation benefits had been effectively denied by the City. Accordingly, his negligence claim was timely filed.

### III. Owens Did State A § 1983 Claim.

■ The trial court found that Owens' complaint did not state a claim under § 1983 as a matter of law because the claim was "regarding the City's procedures and not of any substantive rights." We disagree.

Section 1983 [9] provides both a substantive and procedural basis for Owens to redress violations of the Relocation Acts by the City. *La Raz Unida v. Volpe,* 440 F.Supp. 904, 910 (N.D.Cal.1977) (§ 1983 is available to redress deprivation secured by federal statutes, in-

9. 42 U.S.C. § 1983 provides:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

cluding entitlement to payments under the Federal Relocation Act). Owens' § 1983 claim asserts a procedural due process claim by alleging that the City failed to enact and follow adequate relocation policies and appeals procedures as required, thereby depriving him of various federal and state rights and privileges.[10] For purposes of determining whether a cause of action has been stated, we accept these allegations to be true.

■ However, as the City notes, the existence of an adequate state remedy may be relevant in precluding § 1983 relief on a procedural due process claim. *Morgan v. City of Phoenix,* 162 Ariz. 581, 586, 785 P.2d 101, 106 (App.1989). The adequacy of such a post-deprivation state remedy is not a bar to a procedural due process claim where a pre-deprivation hearing is feasible and where the alleged deprivation is not a random, unauthorized act. *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Howland v. State,* 169 Ariz. 293, 296–97, 818 P.2d 1169, 1172–73 (App.1991).

Owens has not alleged that the City's failure to provide him with adequate relocation procedures under the Act is due to some random, unauthorized act by an agent of the City. Instead, his allegations suggest a complete failure by the City to enact or follow any adequate procedures to protect a party's rights to relocation benefits. As such, Owens did state a valid § 1983 claim and the trial court should not have dismissed this cause of action.

## THE CROSS–APPEAL

### I. Owens Exhausted His Administrative Remedies.

■ The City argues that Owens failed to exhaust his administrative remedies and may not maintain this lawsuit. The trial court rejected this argument, holding that Owens had sufficiently exhausted his administrative remedies. We agree with the trial court.

■ Normally, a claimant must exhaust his or her administrative remedies before seeking judicial relief. *Minor v. Cochise County,* 125 Ariz. 170, 172, 608 P.2d 309, 311 (1980). However, such administrative remedies do not have to be pursued if they would prove useless or futile. *Town of Paradise Valley v. Gulf Leisure Corp.,* 27 Ariz.App. 600, 609–10, 557 P.2d 532, 541–42 (1976).

Here, we find that Owens exhausted his administrative remedies to the extent possible. Owens filed a claim with the City on January 8, 1990, yet the City failed to respond to that claim. Because the City did not provide Owens with any type of determination regarding his relocation benefits, he did not have a basis for a further administrative appeal.

In addition, it is unclear what Owens' administrative remedies were during this relevant time frame. The parties have submitted at least four different versions of the City's Relocation Appeal Procedures to this court. The City has not indicated which version of the appeal procedures, if any, was in effect during the time period underlying this case. Each version presented differs significantly from the others by shortening or lengthening the time to file an appeal, changing the entity that hears a certain level of appeal, changing the entity with the final authority over an appeal, or adding or deleting various steps of the appeal process.[11]

Under this state of the record, we find that the trial court's determination that Owens exhausted his administrative remedies to the best of his ability was supportable.

---

10. Owens argues that his complaint also alleges a substantive due process claim but his § 1983 allegations focus on the City's failure to respond to his relocation claims and its failure to enact and follow proper appeal procedures. Accordingly, we find that his § 1983 claim is one for procedural due process violations.

11. The record indicates that, not only was Owens confused by the appeals process, but also that City officials could not decipher the appeal procedures. For instance, one City official sent Owens a letter stating that the City accepted as a timely appeal Owens' November 3, 1988, letter complaining about the relocation benefits received on his residential property. Later, another City official denied Owens' request for a hearing on the issues set forth in this letter on the basis that the letter was an untimely appeal.

## II. Owens' Claims Are Not Barred By The Doctrine Of *Res Judicata.*

■ Finally, the City contends that the dismissal of Owens' 1987 Complaint is *res judicata* as to the present action. The doctrine of *res judicata* is only applicable if the parties, subject matter, and issues of the two actions are the same, and the issues relate to the same subject matter. *Snow v. Kennedy*, 36 Ariz. 475, 478, 286 P. 930, 934 (1930).

■ The 1987 Complaint did not address the causes of action that are at issue in this matter. Although the 1987 Complaint did seek relocation assistance and payments, those benefits were sought solely for Owens' residential property. Neither the individual claims nor the class action claims asserted in the 1987 Complaint sought any type of relocation benefits for Owens' business property.

Moreover, Owens could not have asserted the relocation claims with regard to his business property at the time he filed his 1987 Complaint. Those claims were not ripe at that time because he was not yet even eligible for relocation assistance on that property. Therefore, this lawsuit is not barred by the doctrine of *res judicata.*

## CONCLUSION

We find that Owens' claims are not barred by the applicable statutes of limitations and that Owens' Complaint stated a claim for relief under § 1983. Accordingly, the trial court's grant of summary judgment in favor of the City on those issues is hereby reversed. We affirm the trial court's denial of summary judgment to the City on the administrative remedies and *res judicata* arguments. This case is remanded for further proceedings consistent with this opinion.

LANKFORD and ARELLANO, JJ., concur.

NOTE: The Honorable SYLVIA R. ARELLANO was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 3.