921 P.2d 28

**Alma LERMA, a single woman, Plaintiff–Appellant,**

v.

**Andrew KECK and Tina Keck, husband and wife, Defendants–Appellees.**

**No. 1 CA–CV 95–0555.**

Court of Appeals of Arizona, Division 1, Department B.

July 16, 1996.

Rivera, Scales & Kizer by Jose de Jesus Rivera, Phoenix, for Plaintiff–Appellant.

Jones, Skelton & Hochuli by Gary H. Burger, Phoenix, for Defendants–Appellees.

## OPINION

WEISBERG, Judge.

Alma Lerma ("plaintiff") appeals the trial court's grant of Andrew and Tina Keck's ("defendants") motion for new trial. Plaintiff argues that Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–2505(A), as construed by this court in *Wareing v. Falk*, 182 Ariz. 495, 897 P.2d 1381 (App.1995), violates the Arizona Constitution's equal protection and special legislation provisions. We, however, conclude that the statute is constitutional and therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked as a housekeeper at the Hyatt Regency Hotel. Using a passkey, she entered defendants' room in order to turn down the beds for the evening. Plaintiff's entry, however, awakened defendants, who had recently checked in and fallen asleep in their room. Assuming plaintiff to be an intruder, Andrew Keck struck her and pushed her out into the hall, at which point he realized that she was a hotel employee. Andrew Keck was arrested and subsequently pled no contest to misdemeanor assault by intentionally, knowingly, or recklessly causing physical injury to another person. *See* A.R.S. § 13–1203(A).

Plaintiff filed a civil suit against defendants seeking compensatory and punitive damages. After trial, the jury found in favor of plaintiff and determined that she had suffered damages of $63,000. The jury found Andrew Keck 70% at fault and Hyatt 30% at fault. Plaintiff then filed a motion for judgment notwithstanding the verdict ("JNOV"), arguing that defendants were not entitled to the benefit of comparative negligence because Andrew Keck's conduct was willful and wanton. The trial court granted the motion and entered judgment for plaintiff in the amount of $63,000.

On the same day that the trial court granted plaintiff's motion, this court issued its opinion in *Wareing,* in which we concluded that willful and wanton defendants *are* entitled to the benefits of comparative negligence under Arizona's Uniform Contribution Among Tortfeasors Act ("UCATA").[1] 182 Ariz. at 500–01, 897 P.2d at 1386–87. Defendants therefore filed a motion arguing that they were now permitted to compare their negligence to Hyatt's. Plaintiff opposed the motion on the ground that UCATA, as construed in *Wareing,* is unconstitutional because it allows wanton and willful defendants to benefit from comparative negligence, but denies the same benefit to willful and wanton claimants. Without addressing plaintiff's constitutional arguments, the trial court granted defendants' motion, reversed its earlier decision on plaintiff's motion for JNOV, and entered judgment for plaintiff in the amount of $44,100, corresponding to defendants' 70% share of plaintiff's damages.

Plaintiff has timely appealed.

## DISCUSSION

### A. *UCATA and Wareing v. Falk*

Prior to the enactment of UCATA, Arizona followed the common law in negligence actions. Under the common law, a plaintiff's contributory negligence could completely bar recovery of damages. To ameliorate this often harsh result, certain exceptions were developed, such as the willful and wanton doctrine, which provided that a defendant whose conduct was willful and wanton could not assert the defense of contributory negligence. *Southern Pacific Transp. Co. v. Lueck,* 111 Ariz. 560, 562, 535 P.2d 599, 601 (1975).

Whether the willful and wanton doctrine has survived UCATA was the subject of our opinion in *Wareing.* The appellee in *Wareing* argued that the doctrine survived because willful and wanton conduct differs *in kind* from negligence and UCATA applies only to claims of negligence. We, however, concluded that willful and wanton conduct does not differ *in kind* from negligence, but merely *in degree. Wareing,* 182 Ariz. at

498–99, 897 P.2d at 1384–85 (relying on *DeElena v. Southern Pacific Co.,* 121 Ariz. 563, 566, 592 P.2d 759, 762 (1979)). The doctrine, therefore, no longer applies after UCATA, and willful and wanton defendants could now benefit from comparative negligence. *Id.* at 500–01, 897 P.2d at 1386–87.

The appellee in *Wareing* nevertheless argued that this could not be the intent of the legislature because A.R.S. section 12–2505(A) explicitly precludes willful and wanton *claimants* from the right to comparative negligence. *See* A.R.S. § 12–2505(A) ("There is no right to comparative negligence in favor of any claimant who has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death."). The legislature, the appellee argued, could not have intended to treat willful and wanton claimants and willful and wanton defendants differently. We disagreed, however, concluding that other provisions in UCATA "clearly demonstrate that the legislature intended that wanton defendants be treated differently than wanton claimants." *Wareing,* 182 Ariz. at 501, 897 P.2d at 1387.

In the instant case, the trial court relied upon *Wareing* 's construction of UCATA to conclude that defendants are entitled to compare their negligence with that of Hyatt, a non-party at fault. Plaintiff argues that UCATA, as interpreted by *Wareing,* thus violates the Arizona Constitution's guarantee of equal protection of the laws, *see* Ariz. Const. art. 2, § 13, and prohibition on special laws, *see id.* art. 4, pt. 2, § 19, because it discriminates against willful and wanton claimants.

### B. *Standing*

Defendants argue that plaintiff does not have standing to challenge the constitutionality of A.R.S. section 12–2505(A). They assert that, because she is not a willful and wanton claimant, plaintiff cannot challenge the statute on the ground that it discriminates against such persons. We disagree.

In *Church v. Rawson Drug & Sundry Co.,* 173 Ariz. 342, 842 P.2d 1355 (App.1992), the

---

1.  A.R.S. §§ 12–2501 to –2509.

plaintiff challenged the constitutionality of UCATA's abolition of joint and several liability in favor of comparative negligence, in part on equal protection grounds. Finding that the plaintiff had standing to make her equal protection argument, we stated:

> All that is necessary to assert the constitutional challenge is that the individual making the assertion be confronted with some "threatened or actual injury" from the operation of the statute. Because the statute affects the amount the plaintiff will recover, she has standing to challenge it.

*Id.* at 349, 842 P.2d at 1362 (citations omitted). The same is true in the instant case.

■ Plaintiff argues that granting the benefits of comparative negligence to willful and wanton defendants violates equal protection because the same benefits are denied to willful and wanton claimants. Although not a willful and wanton claimant, plaintiff nevertheless is injured by the operation of the statute because permitting defendants to compare their negligence to Hyatt affects the amount she can recover on her claim. *See id.* We therefore conclude that plaintiff has standing to challenge the constitutionality of A.R.S. section 12–2505(A).

### C. *Equal Protection*

#### 1. Standard of Review

■ The parties dispute which standard of review applies to this legislation. Plaintiff argues that we should apply strict scrutiny, which requires that the statutory classification be necessary to accomplish a compelling government interest. *Kenyon v. Hammer,* 142 Ariz. 69, 78, 688 P.2d 961, 970 (1984); *Church,* 173 Ariz. at 349, 842 P.2d at 1362. Strict scrutiny applies when the legislation impinges upon a fundamental right or discriminates based upon a suspect classification. *Church,* 173 Ariz. at 349, 842 P.2d at 1362.

■ Defendants argue that we should apply the rational basis test, which applies to economic or social legislation that does not affect a fundamental right or discriminate based upon a suspect classification. *Id.* at 350, 842 P.2d at 1363. Under the rational basis test, the legislation is presumed consti-

tutional, and will be upheld if 1) the legislation serves a legitimate state interest and 2) the classification rationally furthers that interest. *Kenyon,* 142 Ariz. at 78, 688 P.2d at 970.

■ Plaintiff does not contend that she is a member of a suspect classification. Accordingly, we must decide whether UCATA's challenged application impinges upon a fundamental right. We conclude that it does not.

■ Under the Arizona Constitution, claimants have a fundamental right to bring and pursue an action for damages. *Kenyon,* 142 Ariz. at 83, 688 P.2d at 975 (relying upon Ariz. Const. art. 18, § 6). In *Kenyon,* the legislation at issue provided that the statute of limitations for medical malpractice actions begins to run from the time of the injury, whereas the statute of limitations for other personal injury actions generally runs from the time the injury was or should have been discovered. *Id.* at 72, 688 P.2d at 964. Faced with an equal protection challenge, the supreme court concluded that strict scrutiny applied because the legislation impinged upon the fundamental right to bring an action for damages. *Id.* at 83, 688 P.2d at 975.

The Court in *Kenyon* distinguished its earlier decision in *Eastin v. Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977), which had applied the rational basis test to other provisions of the same act. The Court explained:

> In *Eastin,* we upheld many portions of the act, but did not consider the statute of limitations. The panel "screening" procedure, the admission of the panel's findings as evidence at the subsequent trial, and the abolition of the collateral source rule were upheld by applying a rational basis test. *These portions of the statute do not affect the essence of the fundamental right to bring a lawsuit; they merely regulate what is done with the action after it is brought and prescribe the procedure to be followed before trial and the admission of evidence at trial.*

*Kenyon,* 142 Ariz. at 83, 688 P.2d at 975

(emphasis added).[2]

We conclude that the instant case is less analogous to *Kenyon* than to *Church* and *Eastin*. In *Church*, this court addressed an equal protection challenge to UCATA's abolition of joint and several liability. We concluded that the legislation did not impinge upon a fundamental right because it affected only the claimant's ability to collect damages, not to maintain the action.

> In the case now before us[,] the plaintiff's right to bring and maintain the action remains intact. As we have already observed, there is something of an analogy between the abolition of joint and several liability and the abolition of the collateral source rule [at issue in *Eastin*]. Since neither goes to the essence of the right to maintain an action, the strict scrutiny test does not apply in this case.

*Church*, 173 Ariz. at 349, 842 P.2d at 1362.

■ The same is true here. Neither permitting willful and wanton defendants to compare their negligence, nor prohibiting willful and wanton claimants from doing so, affects a claimant's right to bring an action, but only the measure of damages.[3]

■ Plaintiff also argues that UCATA impinges upon the fundamental right guaranteed by article 18, section 6 of the Arizona Constitution, which provides, in part, that "the amount recovered [in an action for damages] shall not be subject to any statutory limitation." We disagree.

As discussed above, the supreme court declined to apply strict scrutiny to legislation that abrogated the collateral source doctrine in medical malpractice cases, *see Eastin*, 116 Ariz. at 585, 570 P.2d at 753, and this court declined to apply strict scrutiny to legislation abolishing joint and several liability in most actions. *See Church*, 173 Ariz. at 349, 842 P.2d at 1362. In the instant case, denying

claimants the benefit of comparative negligence constitutes less of a statutory limitation on damages than did the provisions at issue in either *Eastin* or *Church*. Indeed, unlike the plaintiffs in *Eastin* and *Church*, willful and wanton claimants may still, at the jury's discretion, recover their full damages under A.R.S. section 12–2505(A). *See supra* n. 3.

We conclude that the legislation at issue here does not affect a fundamental right. We therefore apply the rational basis test to our review of its constitutionality.

### 2. Application of Rational Basis Test

■ Under the rational basis test, we will uphold legislation if 1) it serves a legitimate state interest and 2) the statutory classification rationally furthers that interest. *Kenyon*, 142 Ariz. at 78, 688 P.2d at 970. We must presume that the legislation is rational, and such presumption can be overcome only by "a clear showing of arbitrariness or irrationality." *Church*, 173 Ariz. at 350, 842 P.2d at 1363. In determining whether the legislation rationally furthers a legitimate purpose, we may consider either the legislature's *actual* purpose or any *hypothetical* basis upon which it could have acted. *Id.*

■ We conclude that the legislation at issue furthers a legitimate government purpose. Here, UCATA rationally furthers the state's legitimate interests in lowering insurance rates and in promoting fairness by imposing liability according to one's degree of fault. *Id.* at 350, 842 P.2d at 1363. Mindful that the "wilful or wanton doctrine conflicts with the purposes of comparative negligence," *Wareing*, 182 Ariz. at 499, 897 P.2d at 1385, we conclude that its limited abrogation rationally furthers a legitimate government purpose.

---

2. Significantly, in *Eastin*, the court did not apply strict scrutiny to the abolition of the collateral source doctrine for medical malpractice actions. *See Eastin*, 116 Ariz. at 585, 570 P.2d at 753. The abolition of the collateral source doctrine effectively meant that juries in malpractice actions could reduce the plaintiff's recovery by any amounts previously recovered from a collateral source, although evidence of collateral sources

remained inadmissible in other personal injury actions. *Id.* at 583, 570 P.2d at 751.

3. If the jury concludes that a claimant's willful and wanton conduct contributed to the injury, the jury may either award the claimant full damages or deny recovery altogether. *Bauer v. Crotty*, 167 Ariz. 159, 168, 805 P.2d 392, 401 (App. 1991).

The fact that the legislature abolished the willful and wanton doctrine for defendants and not claimants does not alter our conclusion. First, "[t]he legislature is entitled to proceed 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.'" *Eastin*, 116 Ariz. at 585, 570 P.2d at 753 (quoting *Williamson v. Lee Optical of Oklahoma Inc.*, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955)).

Second, the legislature may have decided that, while it would be fair to limit a willful and wanton defendant's liability to his or her degree of fault, it would not be similarly fair when applied to a claimant. A willful and wanton claimant would be using the court system to benefit from an injury caused by his or her willful and wanton conduct, while a willful and wanton defendant, involuntarily brought before the court, would merely be attempting to limit liability. Such a policy determination reasonably furthers the government's legitimate purpose in promoting fairness in tort litigation. *Cf. Church*, 173 Ariz. at 351, 842 P.2d at 1364 (finding that UCATA's retaining joint and several liability for certain classes of defendants rationally furthered the state's interest in promoting fairness).

We therefore conclude that UCATA, as interpreted in *Wareing*, does not violate art. 2, section 13 of the Arizona Constitution.

### D. *Special Law*

Plaintiff also argues that *Wareing*'s interpretation renders A.R.S. section 12–2505(A) a special law, in violation of art. 4, part 2, section 19 of the Arizona Constitution. Again, we disagree.

This constitutional provision provides that the legislature may not enact a local or special law granting an individual any special or exclusive privileges, immunities, or franchises. *Toto v. Industrial Comm'n*, 144 Ariz. 508, 512, 698 P.2d 753, 757 (App.1985). While the equal protection clause prohibits unreasonable discrimination *against* a particular class, the special legislation clause prohibits unreasonable discrimination in *favor* of a particular class. *Arizona Downs v. Arizona Horsemen's Found.*, 130 Ariz. 550, 557, 637 P.2d 1053, 1060 (1981). A law does not constitute special legislation if it treats all individuals in a class alike and the classification is based in reason. *Eastin*, 116 Ariz. at 584, 570 P.2d at 752.

In the instant case, A.R.S. section 12–2505(A) defines a class of willful and wanton claimants and treats all members of the class alike, denying them the benefit of comparative negligence. As we have already concluded that this classification is reasonable, we further conclude that the statute does not constitute special legislation violative of art. 4, part 2, section 19 of the Arizona Constitution.[4]

### CONCLUSION

A.R.S. section 12–2505(A) does not violate equal protection, nor does it constitute a special law. Accordingly, we affirm the trial court's judgment.

LANKFORD and VOSS, JJ., concur.

---

4. A.R.S. section 12–2505(A) establishes a system of comparative negligence and denies the benefit of this system to a particular class, willful and wanton claimants. It is more accurate, then, to say that the statute discriminates against, rather than in favor of, a particular class. We therefore question whether the Arizona Constitution's prohibition of special legislation is even applicable in the instant case. *See Arizona Downs*, 130 Ariz. at 557, 637 P.2d at 1060.