IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LUIS ANGEL VINIEGRA and SYLVIA DE LA HUERTA-VINIEGRA,
husband and wife, *Plaintiffs/Appellants*,

*v.*

TOWN OF PARKER MUNICIPAL PROPERTY CORPORATION, an
Arizona non-profit corporation, *Defendant/Appellee*.

No. 1 CA-CV 15-0359
FILED 10-6-2016

Appeal from the Superior Court in La Paz County
No. S1500CV2014-00037
The Honorable Samuel E. Vederman, Judge

**AFFIRMED**

COUNSEL

Parker Law Firm PLC, Phoenix
By John D. Parker, II
*Counsel for Plaintiffs/Appellants*

Popham Law Group PLC, Avondale
By Gary L. Popham, Jr.
*Counsel for Defendant/Appellee*

---

**OPINION**

Judge Donn Kessler delivered the opinion of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

**¶1**        Luis Angel Viniegra ("Viniegra") and Sylvia De La Huerta-Viniegra (collectively, "Plaintiffs") appeal the superior court's order dismissing their case with prejudice as barred by the one-year statute of limitations applicable to public entities, Arizona Revised Statutes ("A.R.S.") § 12-821 (2016). [1] Plaintiffs contend that the statute is unconstitutional and that on the facts of this case the statute should be equitably tolled. We conclude that the one-year statute of limitations for bringing actions against public entities does not violate equal protection or the anti-abrogation clause of the Arizona Constitution and that principles of equitable estoppel do not apply here. Accordingly, we affirm the superior court.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**        On April 14, 2012, Viniegra slipped and fell at a funeral at the Town of Parker Cemetery, a property owned and operated by the Town of Parker Municipal Property Corporation ("Town").[2] Viniegra suffered severe, ongoing injuries and immediately began treatment. The Town asked Viniegra to complete and submit a notice of claim in accordance with A.R.S. § 12-821.01(A) (2015). Viniegra timely submitted his notice of claim. Then, Berkley Risk Administrators, L.L.C. ("Berkley"), the Town's risk adjudicator, opened a claim, assigned a claim number, and received billing statements from Viniegra's physicians. In fall 2013, Viniegra finished

---

[1]      We cite to the current version of applicable statutes when no revision material to this case has occurred.

[2]      Both parties agree that the Town, a non-profit corporation, is a municipal entity and a political subdivision of the State of Arizona. No one disputes that the Town is a public entity for the purposes of the appeal.

treatment but allegedly will need treatment in the future. However, the Town never responded to the notice of claim.

¶3        On April 10, 2014, almost two years after the date of injury, Plaintiffs filed a complaint and alleged the Town and Doe Defendants'[3] negligence was the direct and proximate cause of Plaintiffs' injuries and damages, and that the Town's and Berkley's[4] conduct created an implied promise they would resolve Viniegra's claim without him having to file a lawsuit. The Town filed a motion to dismiss, and argued Plaintiffs' action was barred by the one-year statute of limitations set forth in A.R.S. § 12-821, which provides for a one-year statute of limitations for actions against public entities and employees,[5] and the statute was not tolled by the notice of claim process. Plaintiffs claimed the statute should have been tolled because Viniegra was still actively treating his injuries one year after he slipped and fell, and that § 12-821 was unconstitutional.

¶4        The superior court granted the motion to dismiss and filed a signed judgment on March 26, 2015. On April 13, 2015, Plaintiffs moved to alter or amend the judgment, and asked the court to address their argument that § 12-821 is unconstitutional as it applies to personal injury cases. The court rejected the constitutional argument and denied the Rule 59 motion in a signed order.

¶5        On May 27, 2015, Plaintiffs filed a notice of appeal from the judgment and order. We have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1), (2) (Supp. 2015) and 12-120.21(A)(1) (2003).[6]

---

[3]        Doe Defendants were fictitious defendants whose true names, identities, and status were at the time unknown to Plaintiffs.

[4]        Plaintiffs later voluntarily dismissed Berkley pursuant to Arizona Rule of Civil Procedure ("Rule") 41(a).

[5]        Section 12-821 provides: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward."

[6]        The March 26, 2015 judgment did not include language required by Arizona Rule of Civil Procedure 54(c).  Accordingly, it was not final so the April 13 motion to alter or amend the judgment, while filed more than 15 days after the March 26 judgment was filed, was not untimely. *See* Ariz. R.

**STANDARD OF REVIEW**

**¶6**        We review a Rule 12(b)(6) dismissal de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). Dismissal is appropriate under Rule 12(b)(6) only if, as a matter of law, the "plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)). When determining whether a complaint states a claim on which relief can be granted, courts "must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Id.* at ¶ 9.

**DISCUSSION**

**¶7**        Plaintiffs argue the superior court abused its discretion in finding that the Town was not equitably estopped from asserting the statute of limitations defense. Plaintiffs also argue § 12-821 is unconstitutional and violates their equal protection rights, and § 12-542, providing a two-year statute of limitations, should apply instead. For the reasons below, we disagree.

I.        Equitable Estoppel

**¶8**        We first address Plaintiffs' equitable estoppel argument. If the Town should have been equitably estopped from asserting the statute of limitations defense, then we need not address the constitutional argument. *See Fragoso v. Fell,* 210 Ariz. 427, 430, ¶ 6 (App. 2005) (explaining that courts should avoid constitutional issues "when other principles of law are controlling and the case can be decided without ruling on the constitutional questions") (quoting *In re U.S. Currency of $315,900.00*, 183 Ariz. 208, 211 (App. 1995)).

**¶9**        We review the superior court's decision not to apply equitable tolling for an abuse of discretion. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007) (citations omitted). A court abuses its discretion when the record does not support its findings. *Id.* (citation omitted).

---

Civ. P. 59(l). While this appeal was pending, we remanded the matter to the superior court and it entered signed orders consistent with the March 26 judgment and the order denying the Rule 59 motion but including Rule 54(c) language.

¶10        To determine if a defendant may be equitably estopped from asserting the statute of limitations defense, a court must evaluate whether the defendant made specific promises, threats, or inducements to prevent the plaintiff from filing suit, those acts actually induced the plaintiff to forbear from filing suit, the acts reasonably caused the plaintiff to forbear filing suit timely, and the plaintiff filed the suit within a reasonable time after termination of the conduct warranting estoppel. *Nolde v. Frankie*, 192 Ariz. 276, 280-81, ¶¶ 16-19 (1998); *accord McBride v. Kieckhefer Assocs., Inc.*, 228 Ariz. 262, 267, ¶ 23 (App. 2011). The plaintiff bears the burden of proving the statute has been tolled. *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421 (App. 1987) (citation omitted). To meet this standard, the plaintiff must support his or her allegations with evidence and cannot rely solely on personal conclusions or assessments. *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 87, ¶ 13 (App. 2007) (citation omitted).

¶11        "[A]s a matter of equity, a defendant whose *affirmative* acts of fraud or concealment have misled a person from either recognizing a legal wrong or seeking timely legal redress may not be entitled to assert the protection of a statute of limitations." *Porter v. Spader*, 225 Ariz. 424, 428, ¶ 11 (App. 2010) (emphasis added) (citations omitted). Plaintiffs argue it would be inequitable and unjust for the Town to solicit the claim, open a claim with its risk adjuster, undertake to honor the claim, and thereby cause him to expect it would honor the claim and he would not have to sue.

¶12        We disagree with Plaintiffs. We find the discussion and holding in *McBride* instructive. In *McBride*, McBride alleged that defendant KAI wrongfully terminated his employment. 288 Ariz. at 264, ¶ 4. KAI moved for summary judgment on the grounds that McBride's claims were barred by the one-year statute of limitations of § 12-541 (2003). *Id.* McBride argued that the parties' attorneys orally agreed that the statute of limitations would be tolled when the parties attempted to negotiate a settlement and therefore KAI should be equitably estopped from asserting a statute of limitations defense. *Id.* The trial court found that equitable estoppel did not apply. *Id.* at 267, ¶ 24. We held equitable estoppel is more likely found "when the defendant has accepted liability or agreed to pay, but the parties have not yet negotiated the amount to be paid." *Id.* at 268, ¶ 28. Even though KAI attempted to work out a settlement with McBride, it did not acknowledge that it owed McBride anything. *Id.* Thus, we affirmed the trial court on the equitable estoppel claim. *Id.* at ¶ 32.

¶13        Here, there was no evidence of an admission of liability, an agreement to settle or negotiate the claim, a payment, or any negotiations or agreement to toll the statute of limitations. *See also Certaineed Corp. v.*

*United Pac. Ins. Co.*, 158 Ariz. 273, 274-76 (App. 1988) (noting that negotiation of a claim alone is insufficient to support a finding of estoppel if negotiations cease in time for the plaintiff to timely sue, but holding that estoppel applied where there were extensive settlement negotiations between the parties with an admission of liability of some of the claimed contractual damages before the statute had run). Nor were there any settlement negotiations between the parties, only the Town's suggestion that Plaintiffs submit a notice of claim. Thus, there is no evidence that the Town affirmatively misled Plaintiffs from filing a timely complaint. Viniegra's personal beliefs do not satisfy his burden of proof. *McCloud*, 217 Ariz. at 87, ¶ 13.

¶14 Further supporting our conclusion is the fact that the Town never responded to the notice of claim. If a party receives no response from a public entity within sixty days after the service of the notice of claim, the claim is deemed denied. A.R.S. § 12-821.01(E). Thus, without any further affirmative act on which estoppel could rest, Plaintiffs were aware the notice of claim was deemed denied and should have timely filed a complaint. Their failure to do so shows that the third and fourth factors for equitable tolling of the statute are not met; that the actions of the Town reasonably induced them to not file suit timely; and that they filed suit within a reasonable time after termination of the conduct warranting estoppel.[7]

¶15 Nor is there support for Plaintiffs' argument that they should be entitled to toll the statute because one year after the injury occurred, Viniegra was still undergoing treatment for his injuries and did not know the extent or dollar figure of his damages. "[A] cause of action accrues when the damaged party *realizes* he or she has been damaged and *knows or reasonably should know* the cause" of the damage. A.R.S. § 12-821.01(B) (emphasis added). Under §§ 12-821 and -821.01, "[a] plaintiff need not know *all* the facts underlying a cause of action to trigger accrual. But the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify a wrong occurred and caused injury." *Thompson v. Pima Cty.*, 226 Ariz. 42, 46, ¶ 12 (App. 2010) (quoting *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32 (1998)); *Little v. State*, 225 Ariz. 466, 469, ¶ 9 (App. 2010) (holding that cause of action accrues when plaintiff knew or should have known that he was injured by a defendant's negligent act) (citation omitted). The inquiry

---

7 A.R.S. § 12-821 does not have a provision tolling the statute of limitations while a notice of claim is pending. *Owens v. City of Phoenix*, 180 Ariz. 402, 407 n.6 (App. 1994). Thus, the mere fact the Town may have been examining the notice did not toll the statute of limitations.

turns on when a plaintiff's knowledge provided sufficient facts to constitute a cause of action. *Id.* Viniegra does not dispute he knew he was injured on April 14, 2012, and that he knew the Town may have caused his injury. *See Little,* 225 Ariz. at 470, ¶ 12 (holding that for purposes of accrual of cause of action, claimant knew of wrong and who caused the injury upon filing of complaint against physician with Arizona Medical Board). Further, he immediately began treatment. Thus, his cause of action accrued on the date of his injury, and the statute of limitations barred his claim one year later. The statute is not tolled simply because he did not know the full extent of his injury.

## II.     Constitutionality of A.R.S. § 12-821

**¶16**          Because Plaintiffs' equitable estoppel argument fails, we address their constitutional argument.  They argue § 12-821 abrogates their fundamental right to sue for personal injury damages because persons injured by private parties have two years to file a claim, whereas they only had one year to file a claim.  *See* A.R.S. § 12-542. In addition, Plaintiffs seem to contend that § 12-821 violates the anti-abrogation clause of the Arizona Constitution, which provides "[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." Ariz. Const. art. 18 § 6.

**¶17**          We disagree with Plaintiffs that the one-year statute of limitations violates the anti-abrogation clause.  If a statute merely regulates, rather than abrogates, a cause of action, then no constitutional problem exists.  The legislature may regulate a cause of action so long as it allows the claimant reasonable alternatives or choices that enable him or her to bring the action. *Hazine v. Montgomery Elevator Co.*, 176 Ariz. 340, 342 (1993) (quoting *Barrio v. San Manuel Div. Hosp. for Magma Copper Co.*, 143 Ariz. 101, 106 (1984)).  Regulation is not abrogation.  To "abrogate" means "to abolish by formal or authoritative action; to annul or repeal." *Black's Law Dictionary* (10th ed. 2014).  The anti-abrogation clause is implicated when one's right of action is "completely abolished." *Barrio*, 143 Ariz. at 106 (citing *Ruth v. Indus. Comm'n*, 107 Ariz. 572, 575 (1971)); *see also Hazine*, 176 Ariz. at 627 (holding that statute of repose that abolished claim before any injury occurred abrogates cause of action and was not mere regulation of cause of action).

**¶18**          We held in *Flood Control District of Maricopa County v. Gaines*, 202 Ariz. 248, 253-54, ¶¶ 14-17 (App. 2002), that § 12-821 was constitutional because it does not abrogate the fundamental right to sue, but merely

provides a reasonable period of time within which it might be brought. As such, it does not violate the anti-abrogation clause.

¶19          Nor does § 12-821 violate equal protection. The Arizona Constitution's equal protection clause provides: "No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations." Ariz. Const. art. 2 § 13. However, the state may constitutionally make classifications of persons and things or pass laws applying only to persons within a designated class so long as the classification is neither arbitrary nor unreasonable. *Landgraff v. Wagner*, 26 Ariz. App. 49, 55 (1976).

¶20          We use three alternative tests to determine whether a statute violates equal protection: the rational basis test, the means-scrutiny analysis, and the strict scrutiny test. *Kenyon v. Hammer*, 142 Ariz. 69, 78 (1984). Plaintiffs urge us to apply the strict scrutiny test, but we disagree. The rational basis test applies to statutes that "do not affect the fundamental right to [sue] but merely regulate it." *State v. Ramirez*, 178 Ariz. 116, 122 (1994). Because § 12-821 is regulatory in nature, the rational basis test applies.

¶21          The rational basis test gives the greatest leeway to the legislature and "upholds legislative regulation that imposes burdens on one class but not another so long as (1) the court can find some legitimate state interest to be served by the legislation and (2) the facts permit the court to conclude that the legislative classification rationally furthers the state's legitimate interest." *Kenyon*, 142 Ariz. at 78 (citations omitted). We presume the legislation is rational; such presumption is only overcome by "a clear showing of arbitrariness or irrationality." *Lerma v. Keck*, 186 Ariz. 228, 233 (App. 1996) (citation omitted). We may consider "the legislature's *actual* purpose or any *hypothetical* basis upon which it could have acted." *Id.* (citation omitted). "[E]qual protection is violated 'only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective.'" *Kenyon*, 142 Ariz. at 78 (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)).

¶22          Section 12-821 has a rational basis in a legitimate state purpose of protecting public entities from stale claims and in being able to investigate claims and plan budgets in light of a proposed suit. In response to our supreme court's decision in *Ryan v. State*, 134 Ariz. 308 (1982), the legislature passed "Actions Against Public Entities or Public Employees" (codified as A.R.S. §§ 12-820 to -826) to govern public entities' immunity

and liability. *Johnson v. Superior Court*, 158 Ariz. 507, 508 (App. 1988). The statute at issue in *Johnson*, which was a predecessor to the current version of § 12-821, provided that a person who had a claim against a public entity or employee had to file a claim within twelve months of when the action accrued and that failure to do so would bar the action except upon a showing of excusable neglect if the action was brought within the applicable statute of limitations. A.R.S. § 12-821(A) (1988).[8] We explained that the statute had the same purposes as its predecessor, "to provide notice to the [public entity and employee] and an opportunity to investigate and assess its liability, to permit the possibility of settlement prior to litigation, and to assist in fiscal planning or budgeting." *Johnson*, 158 Ariz. at 508 (citation omitted). We further explained that the "government should not have the duty to do everything that might be done." *Id.* (quoting 1984 Ariz. Sess. Laws, Ch. 285, § 1(A)). Thus, the legislature provided for certain immunities and affirmative defenses in favor of public entities and their employees. *Id.* at 508-09 (citation omitted).

¶23        The current version of A.R.S. § 12-821, which deals with the statute of limitations for actions against a public entity rather than the notice of claim for such action under A.R.S. § 12-821.01, serves similar legitimate interests, including giving notice, providing an opportunity to investigate liability, allowing for a possibility of settlement before litigation, and assisting in fiscal planning. Absent evidence to the contrary, we presume the legislature acts in a rational manner, *Lerma*, 186 Ariz. at 233, and find the classification for limitations purposes dividing those allegedly injured by *public entities* and those allegedly injured by *private parties* rationally furthers the state's legitimate interests. Applying the statute of limitations period set forth in § 12-821 merely reflects the legislature's intent to "restrict an individual's right to sue the state and the manner in which a suit may be

---

8        "Persons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations, provided that if there is no excusable neglect, and if the absence of excusable neglect is because of the conduct of the claimant's attorney, then the action shall proceed, and the public entity and public employee shall have a right of indemnity against the claimant's attorney for any liability assessed in the action." A.R.S. § 12-821(A) (1988).

maintained." *Rogers v. Bd. of Regents of the Univ. of Ariz.*, 233 Ariz. 262, 269, ¶ 26 (App. 2013) (quoting *Landry v. Superior Court*, 125 Ariz. 337, 338 (App. 1980)).

**¶24** While Plaintiffs argue that the above rationales are already met by the notice of claim statutes, A.R.S. § 12-821.01, as a matter of judicial restraint and separation of powers we do not second-guess the legislature about why, in a rational basis context, it may have passed statutes whose purposes may overlap. Moreover, even if the statutes are duplicative, the legislature may have decided that a shorter statute of limitations for actions against government entities was needed because public bodies may not have the same ability and budgets to preserve evidence against aging claims. *See Lerma*, 186 Ariz. at 233 (holding we may consider "any *hypothetical* basis upon which [the legislature] could have acted" when applying rational basis test); *Porter,* 225 Ariz. at 427, ¶ 7 (holding that the purpose of statutes of limitation is to protect defendants from stale claims and from economic and psychological insecurity and to protect courts from the burden of stale claims).

**¶25** Finally, Plaintiffs argue a conflict between two competing statutes of limitation exists, so policy reasons mandate the longer statute should control. Because Plaintiffs did not raise this issue in superior court, we do not address it on appeal. *Englert v. Cardondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000) (citation omitted).

III.    Attorney's Fees

**¶26** The Town asks for its attorney's fees pursuant to Rule 11 and A.R.S. § 12-349. When otherwise authorized by statute, rule, or contract, we have discretion to award attorney's fees and costs. ARCAP 21(c). We exercise our discretion to deny attorney's fees. The appeal was not frivolous and the complaint did not violate Rule 11. Pursuant to A.R.S. § 12-341, the Town may recover costs in an amount to be determined following its compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

¶27 The superior court did not err in dismissing Plaintiffs' complaint as time-barred and did not abuse its discretion in refusing to apply equitable estoppel. Accordingly, we affirm the judgment dismissing the complaint with prejudice.



AMY M. WOOD • Clerk of the Court
FILED: AA