761 P.2d 1019

TRANSAMERICA FINANCIAL CORPO-
RATION, a Delaware corporation; Pa-
cific Finance Loans, a California cor-
poration; Transamerica Financial Ser-
vices, Inc., an Arizona corporation, Pe-
titioners,

v.

SUPERIOR COURT of the State of Arizo-
na, In and For the COUNTY OF MARI-
COPA and the Honorable Frank T. Ga-
lati, a Judge thereof, Respondent Judge,

and

Olivia M. RASCON; Jorge G. and Anto-
nia G. Medina, husband and wife, indi-
vidually and on behalf of all others
similarly situated, Real Parties in In-
terest.

No. CV-87-0343-PR.

Supreme Court of Arizona,
En Banc.

June 21, 1988.

Streich, Lang, Weeks & Cardon by
James K. LeValley, William S. Hawgood,
II, and Charles W. Jirauch, Phoenix, for
petitioners.

Meyer, Hendricks, Victor, Osborn & Mal-
edon, P.A. by William J. Maledon, and Colin
F. Campbell, Phoenix, for real parties in
interest.

O'Dowd, Burke & Lundquist, P.C. by
Bruce A. Burke, and David Lipartito, Tuc-
son, for amicus curiae the Arizona Consum-
ers Council.

Robert K. Corbin, Atty. Gen. by Patrick
M. Murphy, Chief Counsel, Financial Fraud
Div., W. Mark Sendrow, Asst. Chief Coun-
sel, and Deanna Delmar, Asst. Atty. Gen.,
Phoenix, for amicus curiae Mary C. Short,
Superintendent of Banks.

Snell & Wilmer by John J. Bouma, Barry
D. Halpern, and James O. Ehinger, Phoe-
nix, for amicus curiae Household Finance
Corp.

OPINION

LACAGNINA, Judge.*

I  JURISDICTION

Olivia M. Rascon and Jorge C. and Anto-
nia G. Medina (Rascon) petition this court
for review of the decision of the court of

---

* Justice Frank X. GORDON, Jr. did not partic-
ipate in this decision; pursuant to Ariz. Const.
art. 6 § 3, Judge Michael A. Lacagnina, Court of
Appeals, Division Two was designated to sit in
his stead.

appeals in *Transamerica v. Superior Court*, 155 Ariz. 327, 746 P.2d 497, filed July 9, 1987, holding that no private right of action arises under the Consumer Loan Act (the Act), that Rascon had only an administrative remedy, and that failure to exhaust that remedy precluded judicial intervention. We have jurisdiction pursuant to Ariz. Const., art. 6, § 5(3), and A.R.S. § 12–120.24.

## II ISSUES

We granted review of the following issues:

1. Whether the borrower under a usurious loan has a cause of action under A.R.S. § 6–628, the Arizona Consumer Loan Act, to declare the loan void and prohibit the collection or receipt of principal and interest.

2. Whether the common law test or the restrictive federal test should be utilized to determine if a private cause of action can be implied under state law.

3. Whether there is an administrative remedy available to a consumer borrower for violations of the Arizona Consumer Loan Act and, if so, whether it must be exhausted.

## III FACTS AND PROCEDURAL HISTORY

This is a class action in which Rascon represents a certified class of individuals who borrowed money from Pacific Finance Loans, an unlicensed California lender, between 1980 and 1984. Each of the small loans was secured by deeds of trust on real property. Rascon's complaint alleges that the loans violated the provisions of the Act and are usurious because they should be treated as though they were made by Transamerica Financial Services, Inc., a lender licensed under the Act, and allegedly the alter ego of Pacific Finance. Rascon alleges Transamerica and Pacific are essentially the same subsidiary of their parent, Transamerica Corporation. The relief prayed for in the complaint is a determination that the loans are void, thereby prohibiting Pacific from collecting any unpaid interest, principal or other charges,

and an order requiring reimbursement of all interest, principal and other charges already collected by Pacific.

Transamerica Corporation and its subsidiaries, Transamerica Financial Services, Inc. and Pacific Finance (Transamerica), moved for dismissal of the complaint on two grounds: 1) the Consumer Loan Act does not expressly or impliedly provide for a private action, and 2) Rascon did not exhaust her administrative remedies.

After the trial court denied the motions to dismiss, Transamerica challenged the trial court's ruling by special action in the court of appeals. Rascon then petitioned this court for review. Motions to file briefs as *amicus curiae* were filed by The Arizona Consumers Council, the Superintendent of Banks of the State of Arizona, and Household Finance Corporation.

## IV IMPLIED PRIVATE RIGHT OF ACTION

■ Although the Act, A.R.S. §§ 6–601 to 6–638, does not provide an express private right of action, Arizona case law implies such a right. Our interpretation of the Act requires consideration of the context of the statutes, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 521 P.2d 1119 (1974).

In 1919, the Arizona Legislature enacted the original Small Loan Act, modeled after the first Uniform Small Loan Act promulgated by the Russell Sage Foundation in 1916. The spirit and purpose of small loan laws was to protect borrowers. *Texas & Pacific Railway Co. v. Rigsby*, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874 (1916); 6A Corbin on Contracts § 1540 (1962); 54 Am.Jur. 2d *Moneylenders and Pawnbrokers* § 7 (1971); 58 C.J.S. *Moneylenders* § 3 (1948). An examination of the original Small Loan Act and all subsequent modifications by our legislature reveals numerous requirements, restrictions and penalties imposed upon lenders for the protection of borrowers, and only one specific privilege is grant-

ed to licensed lenders, that is the ability to lend a designated small amount at an interest rate greater than otherwise allowed by law.

In 1935, the Arizona Supreme Court recognized a borrower's implied right to enforce provisions of the Small Loan Act by permitting a borrower to seek and receive relief in the courts from loans alleged to be usurious under that act. *Walker v. People's Finance & Thrift Co.*, 45 Ariz. 226, 42 P.2d 405 (1935).[1] In addition, *Walker* recognized that the Small Loan Act and "acts of this class are to be liberally construed to prevent the abuses they are intended to correct." 45 Ariz. at 232, 42 P.2d at 407.

Each time the legislature enacted subsequent amendments and modifications to the act which presently carries the title "Consumer Loan Act," the implied private right of action permitted by *Walker* was upheld. Therefore, failure of the legislature to expressly prohibit a private right of action indicates a legislative intent to preserve the private right judicially recognized by the court. Arizona courts have traditionally entertained contract actions between parties founded on violations of the usury statutes including claims of usury under the Small Loan Act. *See Seargeant v. Smith*, 63 Ariz. 466, 163 P.2d 680 (1945); *see also* Restatement (Second) of Contracts § 7 (1981).

The court of appeals decided that the most persuasive indication of legislative intent not to permit a private action was the enactment of a comprehensive administrative scheme to enforce the Consumer Loan Act.[2] We have found nothing in the Uniform Small Loan Law, its subsequent drafts, or in the stated legislative intent in the enactment of the Consumer Loan Act which prohibits a private cause of action or a determination of whether the contract is unlawful. Moreover, we have previously held to the contrary. *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). The failure of the legislature to expressly empower the superintendent of banks to adjudicate a borrower's claim that the loan contract is void or to award damages to the borrower indicates that the legislature contemplated private actions to litigate these issues. A.R.S. § 6–628; Restatement (Second) of Contracts § 7 (1981); *cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 379–383, 102 S.Ct. 1825, 1839–1841, 72 L.Ed.2d 182, 201–203 (1982); *Transamerica Mortgage Advisers, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed. 2d 146 (1979).

■ Because the determination of voidness under § 6–628 only inures to the benefit of an individual borrower, a private right of action is contemplated by the legislature for enforcement of this individual right, even though other sections of the Act provide for administrative action for enforcement of its regulatory scheme. *Transamerica Mortgage Advisers, Inc. v. Lewis, supra; Sparks v. Republic National Life Ins. Co., supra; Sellinger v. Freeway Mobile Home Sales, Inc., supra.*

Transamerica argues that Rascon's claim is unknown at common law; therefore, in the absence of express statutory authorization creating a private right of action under the Consumer Loan Act, none exists as a matter of law, citing *Ontiveros v. Borak,*

---

1. The court of appeals rejected the Arizona cases of *Walker* and *Sellinger* and adopted the federal case law standards for determining the existence of an implied private right of action. In support of its decision, the court of appeals relied on *Ward v. Fireman's Fund Insurance Co.*, 152 Ariz. 211, 731 P.2d 106 (App.1986). The issue of private remedies was not presented to us when review was denied in that case, and *Ward* involved only a criminal penalty statute. Any statements made by the court of appeals in *Ward* adopting the federal standard for determining legislative intent in creating or denying a private right of action arising from a statute providing civil penalties for violation of the statute are overruled.

2. The superintendent of banks argues in its amicus brief that there are no administrative remedies for a borrower to exhaust. Under the Act, only licensees have a statutory right to an administrative hearing, and because the superintendent may only conduct hearings required by law, it is not required to provide a hearing to borrowers; thus, borrowers have no enforceable administrative remedy.

136 Ariz. 500, 510 n. 3, 667 P.2d 200, 210 n. 3 (1983). The facts in *Ontiveros* are dissimilar to the present case and deal with a statute imposing a criminal penalty for violation of an act not recognized at common law, and the court's recognition of conduct defined by statute as it related to the standard of care to be adopted in a tort action. It does not apply to this case.

Since 1919 Arizona's legislative policy has been to forfeit usurious small loans. In 1956 the legislature specifically stated that loans made in violation of the Consumer Loan Act were void and that a licensee had no right to collect principal, interest or other charges. Since *Walker*, the common law in Arizona has recognized a private right of action to void a usurious contract. The provisions of the Consumer Loan Act are part of the loan contract by operation of law and are enforceable in a contract action between the parties. *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965); *American Federation of Labor v. American Sash & Door Co.*, 67 Ariz. 20, 189 P.2d 912 (1948).

We conclude that Rascon should be permitted to litigate her claim that the loans in question are usurious. If her theory that the loans were actually made by a licensed lender in violation of the Consumer Loan Act is eventually accepted by the trier of fact, she will be entitled to the relief provided by A.R.S. § 6–628.

Rascon is awarded attorneys' fees on appeal, upon filing the proper affidavits pursuant to Rule 21(c), Ariz.R.Civ.App.P., 17A A.R.S.

The opinion of the court of appeals is vacated and the cause is remanded for further proceedings.

FELDMAN, V.C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.