395 P.3d 310

**Adam GERSTEN, an unmarried man, Plaintiff/Appellant,**

v.

**SUN PAIN MANAGEMENT, P.L.L.C., an Arizona professional L.L.C.; Dr. Ronald S. Burns and Jane Doe Burns, husband and wife, Defendants/Appellees.**

**No. 1 CA–CV 15–0635**

Court of Appeals of Arizona, Division 1.

FILED 4/18/2017

Evans, Dove & Nelson, P.L.C., Mesa, By H. Lee Dove, Trevor J. Fish, Counsel for Plaintiff/Appellant

Holden & Armer, P.C., Phoenix, By Carolyn (DeeDee) Armer Holden, Michael J. Ryan, Counsel for Defendants/Appellees

Presiding Judge Patricia K. Norris delivered the opinion of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

## OPINION

NORRIS, Judge:

¶1 In 2010, Arizona voters, exercising their power to enact legislation by initiative, adopted the Arizona Medical Marijuana Act ("the Act"). Section 3 of the Act, codified at Arizona Revised Statutes ("A.R.S.") section 36–2813(C) (2014), states that a registered qualifying patient's use of medical marijuana "must be considered the equivalent of the use of any other" physician directed medication and will not "otherwise disqualify" that patient from medical care. The dispositive issue in this appeal is whether a registered qualifying patient may assert a private cause of action against his treating physician for an alleged violation of this provision. We hold that that no such cause of action exists and therefore affirm the superior court's dismissal of Plaintiff/Appellant Adam Gersten's complaint for damages and equitable relief against Defendants/Appellees, Sun Pain Management, P.L.L.C. and Ronald S. Burns, M.D.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In May 2010, Gersten became a patient of Dr. Burns.[1] Gersten suffers from chronic

---

1. Dr. Burns is Sun Pain's manager.

pain related to Crohn's disease, a "debilitating medical condition" under the Act. A.R.S. § 36–2801(3)(a) (2014). After being treated by Dr. Burns with prescription medicines, including Demerol ("the prescription medicines"), with mixed results, Gersten informed Dr. Burns and his colleagues at Sun Pain that he intended to obtain a certification for medical marijuana. Subsequently, in early October 2014, after he received his "registry identification card" and became a "registered qualifying patient" under the Act, Gersten began using medical marijuana. *See* A.R.S. § 36–2801(14). Dr. Burns then discharged Gersten as his patient.

¶ 3 Gersten sued Dr. Burns and Sun Pain (collectively, "Dr. Burns") and alleged Dr. Burns had discharged him as a patient solely because he was using medical marijuana in violation of A.R.S. § 36–2813(C). That statute reads as follows:

> For the purposes of medical care, including organ transplants, a registered qualifying patient's authorized use of marijuana must be considered the equivalent of the use of any other medication under the direction of a physician and does not constitute the use of an illicit substance or otherwise disqualify a registered qualifying patient from medical care.

For the alleged violation of A.R.S. § 36–2813(C), Gersten sought damages and equitable relief, including an order requiring Dr. Burns to continue treating him in "the same manner, at the same rate, and at the same standard of care" as before his discharge.

¶ 4 Dr. Burns moved to dismiss Gersten's complaint under Arizona Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing, as relevant here, that A.R.S. § 36–2813(C) did not create a private cause of action for its alleged violation. Without any evidentiary support, *see infra* ¶ 6, Dr. Burns also argued he had discharged Gersten because Gersten's use of medical marijuana was

against his medical advice and contracted plan of care.

¶ 5 The superior court granted Dr. Burns' motion.[2] Despite a lack of supporting evidence, the court found Gersten had acted against Dr. Burns' medical advice and plan of care in using medical marijuana with the prescription medicines.

## DISCUSSION

### I.   The Procedural Posture of this Case

¶ 6 In dismissing Gersten's complaint for failure to state a claim, the superior court made, over Gersten's objection, multiple factual findings based on proposed findings of fact submitted by Dr. Burns. While the court could have treated Dr. Burns' motion as "presenting matters outside of the pleadings," and thus, as a motion for summary judgment, *see* Ariz. R. Civ. P. 12(d), Dr. Burns presented no evidence by way of affidavit, declaration, deposition or otherwise substantiating any of the "facts" listed in the proposed findings of fact he submitted.

██   ¶ 7 Under these circumstances, the superior court should not have made these findings of fact.[3] The only facts properly before it to consider were the well-pleaded factual allegations in Gersten's complaint. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9, 284 P.3d 863, 867 (2012). Thus, on review, we have disregarded the superior court's findings of fact, and treat this appeal as one from a dismissal under Rule 12(b)(6). *See Hills v. Salt River Project Ass'n*, 144 Ariz. 421, 424–25, 698 P.2d 216, 219–20 (App. 1985) (because defendants presented no evidence supporting their summary judgment motions, there was nothing for the plaintiff to controvert and motions were, thus, functionally the same as motions to dismiss for failure to state a claim and, therefore, plaintiff was entitled to rest on well-pleaded allegations of her complaint).

---

**2.**   The superior court's decision can arguably be read as broadly ruling that no private cause of action may be maintained under the Act for a violation of any of its provisions. The only issue properly presented to the superior court and to this court, however, is whether a registered qualifying medical marijuana patient may assert a

private cause of action against his treating physician for allegedly violating A.R.S. § 36–2813(C).

**3.**   At oral argument in this court, Dr. Burns' counsel acknowledged the superior court should not have adopted the proposed factual findings as they were without evidentiary support.

## II. Section 36–2813(C) Does Not Provide a Private Cause of Action for its Alleged Violation

■ ¶ 8 The Act does not expressly provide a private cause of action to enforce A.R.S. § 36–2813(C). Nevertheless, as he did in the superior court, Gersten argues A.R.S. § 36–2813(C) should be construed as providing an implied private cause of action. Gersten's argument raises an issue of law which we review de novo. *State v. Gear*, 239 Ariz. 343, 345, ¶ 11, 372 P.3d 287, 289 (2016) (appellate court reviews questions of statutory interpretation de novo) (citation omitted); *Coleman*, 230 Ariz. at 356, ¶¶ 7–8, 284 P.3d at 867 (appellate court reviews dismissal for failure to state a claim de novo).

■ ¶ 9 When, as here, a statute does not expressly create a cause of action to enforce its terms, that statutory "silence" is not dispositive. *Napier v. Bertram*, 191 Ariz. 238, 240, ¶ 9, 954 P.2d 1389, 1391 (1998) (legislative silence regarding whether statute creates a private cause of action begins, rather than ends, the inquiry). In interpreting a voter-approved initiative, Arizona courts apply the same interpretive standards that are applicable to statutes passed by the Legislature. *Sedona Grand, LLC v. City of Sedona*, 229 Ariz. 37, 40, ¶ 11, 270 P.3d 864, 867 (App. 2012). Arizona courts have implied a private cause of action under various statutory schemes, recognizing that "[i]n interpreting statutes, a court will look to the intent of the Legislature" and "consider the context of the statute, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law." *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 575, 521 P.2d 1119, 1121 (1974) (citation omitted), quoted in *Napier*, 191 Ariz. at 240–41, ¶ 9, 954 P.2d at 1391–92. And, in considering "the spirit and purpose of the law," Arizona courts have examined whether the plaintiff is a member of " 'the class for whose especial benefit' the statutes were adopted." *Chavez v. Brewer*, 222 Ariz. 309, 318, ¶ 28, 214 P.3d 397, 406 (App. 2009) (quoting *Lan-*

*caster v. Ariz. Bd. of Regents*, 143 Ariz. 451, 457, 694 P.2d 281, 287 (App. 1984)). Applying these principles here, we hold A.R.S. § 36–2813(C) does not create a private cause of action for its alleged violation.

■ ¶ 10 The Act is a "comprehensive legal framework for medical marijuana" which, in addition to establishing a regulatory structure for the management of medical marijuana licensing and production, provides broad legal protection for patients, physicians, and all who facilitate the use of medical marijuana. Daniel G. Orenstein, *Voter Madness? Voter Intent and the Arizona Medical Marijuana Act*, 47 Ariz. St. L.J. 391, 396 (2015). The Act allows registered qualifying patients ("qualifying patients") to claim immunity from state prosecution for using medical marijuana consistent with the Act. *Dobson v. McClennen*, 238 Ariz. 389, 390, ¶ 1, 361 P.3d 374, 375 (2015); *Reed–Kaliher v. Hoggatt*, 237 Ariz. 119, 122, ¶ 8, 347 P.3d 136, 139 (2015); *State v. Fields ex rel. Cty. of Pima*, 232 Ariz. 265, 269, ¶¶ 14–15, 304 P.3d 1088, 1092 (App. 2013) ("In claiming protection under this statutory immunity, it is a [qualifying patient's] burden to 'plead and prove,' by a preponderance of the evidence, that his or her actions fall within the range of immune action.") (citation omitted). Thus, as a qualifying patient, Gersten is entitled to the protections afforded by the Act.

¶ 11 Section 36–2813(C) is part of the protections extended to qualifying patients. For purposes of medical care, this provision requires qualifying patients to be treated in the same fashion as other, nonqualifying patients. In other words, A.R.S. § 36–2813(C) requires similar treatment between these two groups of patients by ensuring that qualifying patients will not "otherwise" be disqualified from medical care solely because of their authorized use of medical marijuana.[4]

■ ¶ 12 That A.R.S. § 36–2813(C) ensures equal treatment does not, however, obligate a physician to extend or continue medical care to a qualifying patient. The wording of A.R.S. § 36–2813(C) does not re-

---

4. The Arizona Legislative Council analysis of the Act contained in the publicity pamphlet for the 2010 general election distributed by the Arizona Secretary of State's Office stated the Act "would

prohibit certain discriminatory practices." Prop. 203, Analysis by Legislative Council, Ariz. Sec'y of State 2010 Publicity Pamphlet at 83.

quire a physician to treat a qualifying patient, nor does the wording attempt to regulate the relationship between a physician and patient. This distinction becomes clear when examining A.R.S. § 36–2813(C) in context and comparing it to other provisions of the Act that attempt to regulate the conduct of schools, landlords, and employers.

¶ 13 For example, A.R.S. § 36–2813(A) provides that "[n]o school or landlord may refuse to enroll or lease to and may not otherwise penalize a person solely for his status as a cardholder, unless failing to do so would cause the school or landlord to lose a monetary or licensing related benefit under federal law or regulations." In a similar vein, A.R.S. § 36–2813(B) provides that, with certain exceptions, an employer may not discriminate against a person in hiring, terminating, or imposing any term or condition of employment. Unlike these provisions, A.R.S. § 36–2813(C) imposes no affirmative obligation on a physician to treat or continue treating a qualifying patient. Given this, there is no basis for implying a private cause of action against a physician to enforce an affirmative obligation to treat or continue treating a qualifying patient that does not exist under A.R.S. § 36–2813(C).

¶ 14 Further, a private cause of action against physicians is not needed to implement A.R.S. § 36–2813(C)'s directive. For example, the Arizona Medical Board may investigate and discipline a physician licensed by the Board for "unprofessional conduct." *See* A.R.S. § 32–1403(A)(2) (Supp. 2016) and A.R.S. § 32–1451(A) (2016). And, any person may submit a complaint to the Board alleging that a physician committed unprofessional conduct. *See* A.R.S. § 32–1451(A). "Unprofessional conduct" is defined as including the violation of any state law applicable to the practice of medicine, A.R.S. § 32–1401(27)(a) (Supp. 2016), and the Board is authorized to impose a variety of sanctions for such conduct. Thus, a mechanism exists to enforce A.R.S. § 36–2813(C) against physicians, such as Dr. Burns.

¶ 15 Applying the relevant factors to determine whether an implied private cause of action exists under the Act, we hold a qualifying patient may not assert a private cause

of action for an alleged violation of this provision against his treating physician. Therefore, although we have disregarded the factual findings made by the superior court, we nevertheless agree with the superior court that Gersten failed to state a claim upon which relief can be granted.

## CONCLUSION

¶ 16 For the foregoing reasons, we affirm the superior court's judgment in favor of Dr. Burns. As the successful party on appeal, we award Dr. Burns his costs on appeal, *see* A.R.S. § 12–341 (2016), contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.