ECKERSTROM, Chief Judge:
¶ 1 Michael Burns appeals from the trial court's order dismissing his complaint that alleged violations of his rights under Arizona's relocation-assistance statutes. He argues those statutes imply a private right of action, that he was entitled to bring a negligence action to remedy his inadequate relocation-assistance award, and that the superior court should have exercised special-action jurisdiction. We affirm.
Factual and Procedural History
¶ 2 On review of a motion to dismiss, "we assume the truth of all material facts alleged by [the plaintiff]."
*955 Phelps Dodge Corp. v. El Paso Corp. , 213 Ariz. 400, ¶ 8, 142 P.3d 708 (App. 2006). In October 2015, following condemnation of certain property belonging to Burns, an agent for the City of Tucson notified him that he was entitled to receive a total of $38,284.72 in relocation-assistance benefits. See A.R.S. § 11-963. In December, Burns filed an appeal with that agent claiming he was entitled to a larger benefit. The agent, with the concurrence of the Project Manager of the City's Real Estate program, affirmed the assistance award a month later. In July 2016, Burns served a notice of claim on the City and, in January 2017, brought suit, alleging negligence, a claim under the relocation-assistance statutes, and that the City had denied him due process.
¶ 3 The City filed a motion to dismiss asserting the superior court lacked subject matter jurisdiction because the relocation-assistance statutes do not provide for judicial review.[1] Following a hearing, the trial court determined neither the relocation-assistance statutes nor the Administrative Review Act authorized judicial review and dismissed Burns's complaint with prejudice. See A.R.S. § 12-902(A). The court further declined to treat the complaint as a petition for special action. Burns appealed; we have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1).
Implied Right of Action
¶ 4 Burns argues our relocation-assistance statutes, see A.R.S. §§ 11-961 to 11-974, imply a private right of action in favor of displaced persons aggrieved by the amount of relocation-assistance benefits an acquiring agency offers. Whether a statute implies a private right of action is a question of law we review de novo. Gersten v. Sun Pain Mgmt., P.L.L.C. , 242 Ariz. 301, ¶ 8, 395 P.3d 310 (App. 2017).
¶ 5 In relevant part, our relocation-assistance statutes require a "displacing agency, as a part of the cost of the project, [to] make a payment to a displaced person ... for ... [a]ctual reasonable expenses in moving himself and his family, business, ... or other personal property." A.R.S. § 11-963(A)(1). Further, the statute provides that a "displaced person aggrieved by ... the amount of a payment, may have his application reviewed by the chief executive officer of the acquiring agency whose decision shall be final." A.R.S. § 11-967.
¶ 6 In determining whether the relocation-assistance statutes provide a private right of action, we begin with the statutory language, which is "the best and most reliable index of its meaning." Arpaio v. Steinle , 201 Ariz. 353, ¶ 5, 35 P.3d 114 (App. 2001). "[W]hen the statute is plain and unambiguous, we will not engage in any other method of statutory interpretation." City of Tucson v. Clear Channel Outdoor, Inc. , 218 Ariz. 172, ¶ 13, 181 P.3d 219 (App. 2008). However, in the absence of express language, Arizona law more broadly implies a private right of action "when consistent with 'the context of the statutes, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law.' "[2] Chavez v.Brewer , 222 Ariz. 309, ¶ 24, 214 P.3d 397 (App. 2009) (quoting Transamerica Fin. Corp. v. Superior Court , 158 Ariz. 115, 116, 761 P.2d 1019, 1020 (1988) ).
¶ 7 Here, the statute neither expressly confers nor forecloses a private right of action. Accordingly, we must consider not only the statutory language, but also its context, subject matter, effects and consequences, and spirit and purpose. See Chavez , 222 Ariz. 309, ¶ 24, 214 P.3d 397.
¶ 8 With respect to its language, the statute provides for review "by the chief executive officer of the acquiring agency whose decision shall be final." § 11-967. This language *956 of finality strongly indicates the legislature intended to limit review to the chief executive officer. Id. A private right of action would guarantee a third tier of review, rendering that decision other than final. Burns has not cited, and we are not aware of, any case in which our courts have found an implied right of action in the presence of language providing a level of review and expressing that the decision on review is final.
¶ 9 Nevertheless, Burns makes the non-trivial argument that the spirit and purpose of the relocation-assistance statutes support finding an implied right of action. See Chavez , 222 Ariz. 309, ¶ 24, 214 P.3d 397. In particular, he observes that relocation-assistance payments only inure to the benefit of displaced persons, of which Burns is one. See id. ¶ 28 (citing Transamerica Fin. Corp. , 158 Ariz. at 117, 761 P.2d at 1021 ). He correctly maintains that we have generally found this to be a strong factor suggesting a legislative intent to provide a private right of action. Id. ; Transamerica Fin. Corp. , 158 Ariz. at 117, 761 P.2d at 1021.
¶ 10 And, it is debatable whether a displaced person might find meaningful relief apart from an implied right of action considering that § 11-967 merely provides summary review by the senior-most official in the very organization making the initial determination. See Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8 , 206 Ariz. 344, ¶ 9, 78 P.3d 1065 (App. 2003) (no way of holding school districts accountable for misappropriation of funds apart from implied right of action); Sellinger v. Freeway Mobile Home Sales, Inc. , 110 Ariz. 573, 576, 521 P.2d 1119 (1974) (implied right of action "highly desirable in order to control fraud in the marketplace").
¶ 11 Notwithstanding the less than independent or robust review provided in § 11-967, the legislature is free to establish such a scheme when, as in this circumstance, it creates a wholly new right against itself. See Guibault v. Pima County , 161 Ariz. 446, 450, 778 P.2d 1342, 1346 (App. 1989) (state free to define obligation and remedy "if any" when it creates rights against itself unknown at common law). Moreover, judicial review is not utterly foreclosed inasmuch as an aggrieved person may seek a writ of certiorari in the superior court in a special-action proceeding. See A.R.S. § 12-2001 ; Ariz. R. P. Spec. Act. 1.
¶ 12 Given that § 11-967 both provides an administrative review process and suggests that the process is final, we conclude that the legislature contemplated no private right of action in enacting that statute. Accordingly, the trial court did not err by dismissing Burns's complaint for failure to state a claim upon which relief could be granted.
Negligence
¶ 13 Burns also urges that he is entitled to maintain a common-law claim for negligence against the City. However, the trial court did not reach the merits of this issue. Nevertheless, we address whether Burns may maintain an action for negligence under our relocation-assistance statutes because the question is purely one of law. See Liristis v. Am. Family Mut. Ins. Co. , 204 Ariz. 140, ¶ 11, 61 P.3d 22 (App. 2002) ("If application of a legal principle ... would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue." (quoting Evenstad v. State , 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993) ) ).
¶ 14 Arguing from Arizona's general rule that a plaintiff can pursue common-law damages against governmental entities, see Pritchard v. State , 163 Ariz. 427, 431, 788 P.2d 1178, 1182 (1990), Burns insists that nothing in the relocation-assistance statutes "clearly and unambiguously demonstrates the legislature intended to divest the superior court of general jurisdiction to hear Burns'[s] negligence claim against the City." Accordingly, he asserts the City breached its statutorily created duty to provide full relocation benefits. But in reaffirming the principle that governmental immunity is the exception in Arizona rather than the rule, Pritchard recognized that our supreme court invited the legislature to intervene and develop the boundaries of sovereign immunity. Id. Accepting that invitation, the legislature enacted the Actions Against Public Entities or Public Employees Act, see Glazer v. State , 237 Ariz. 160, ¶¶ 10-11, 347 P.3d 1141 (2015), which limits actionable injuries to those a *957 "person may suffer ... if inflicted by a private person." A.R.S. § 12-820(2).
¶ 15 Here, the relocation-assistance statutes impose no duty upon any private person, and we decline to extend the statutory language or otherwise restrict sovereign immunity beyond the limits set forth by our legislature and recognized by our supreme court. See § 12-802(2); Pritchard , 163 Ariz. at 431, 788 P.2d at 1182 ("the state and its agents will be subject to the same tort law as private citizens" (quoting Ryan v. State , 134 Ariz. 308, 311, 656 P.2d 597, 600 (1982) ) ). Thus, Burns cannot maintain a claim for negligence with respect to the relocation-assistance statutes, and the trial court properly dismissed his complaint as to this count.
Special-Action Jurisdiction
¶ 16 Finally, Burns argues that if the statutes do not imply a right of action and a petition for special action is his only avenue for relief, we "should require the [trial] court to hear [his] argument for such relief." We review a trial court's decision to decline special-action review for an abuse of discretion. Bilagody v. Thorneycroft , 125 Ariz. 88, 92, 607 P.2d 965, 969 (App. 1979).
¶ 17 When a party does not state facts sufficient to justify special-action relief, the trial court has the discretion to decline jurisdiction. See Coombs v. Maricopa Cty. Spec. Health Care Dist. , 241 Ariz. 320, ¶ 10, 387 P.3d 743 (App. 2016). Here, the trial court noted that Burns neither alleged facts sufficient to show the City had acted illegally, arbitrarily, or capriciously, see Ariz. R. P. Spec. Act. 3(c), nor did he request leave to amend his complaint to do so. Accordingly, the court determined it would not sua sponte treat his complaint as a petition for special action. We cannot say the court abused its discretion. See Coombs , 241 Ariz. 320, ¶ 10, 387 P.3d 743.
Disposition
¶ 18 For the foregoing reasons, we affirm.

The City also argued below that the trial court lacked jurisdiction under the Administrative Review Act (ARA) because Burns had not timely appealed thereunder. See A.R.S. § 12-904(A). However, the court correctly determined the ARA did not apply because it specifically excludes municipal corporations. See A.R.S. § 12-901(1) ; Stant v. City of Maricopa Emp.Merit Bd. , 234 Ariz. 196, ¶ 10, 319 P.3d 1002 (App. 2014) ; see also Coombs v. Maricopa Cty. Special Health Care Dist. , 241 Ariz. 320, ¶¶ 6-9, 387 P.3d 743 (App. 2016).

A few Arizona cases concern claims brought under the relocation-assistance statutes; they do not, however, address whether the statutes imply a private right of action. See, e.g. , Owens v. City of Phoenix , 180 Ariz. 402, 884 P.2d 1100 (App. 1994) ; Morgan v. City of Phoenix , 162 Ariz. 581, 586-87, 785 P.2d 101, 106-07 (App. 1989).