NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GREGORY BEST,
*Plaintiff/Appellant*,

*v.*

ANTONIO DOMINGUEZ, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 20-0108
FILED 12-10-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-015284
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Gregory Best, Phoenix
*Plaintiff/Appellant*

Dominguez Law Firm, P.C., Phoenix
By Antonio Dominguez, Lisa M. Montes
*Counsel for Defendants/Appellees*

<hr>

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

<hr>

**T H U M M A**, Judge:

¶1 Plaintiff Gregory Best appeals from the grant of summary judgment dismissing his claims against defendants Dominguez Law Firm, P.C., Antonio Dominguez, and Lisa Montes (collectively, the Firm), and the denial of his cross-motion for summary judgment. Because Best has shown no error, the judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 In 2004, Best entered into a real estate contract with defendants Manuel and Leticia Garcia to purchase real property (the Property). When a dispute arose, Best sued the Garcias in 2005 and filed and recorded a lis pendens. That suit was dismissed in December 2005, but not before Best filed a second suit against the Garcias. Best did not file or record a lis pendens in the second suit. In September 2012, the Garcias sold the Property to Residential Property Investment and Management, LLC (RPIM). Two months later, Best obtained a judgment against the Garcias in the second suit.

¶3 Maria Ceja, another named defendant, then entered into an option contract with RPIM to purchase the Property (Option). A dispute arose, and Ceja retained the Firm to help her enforce the Option. During this representation, the Firm learned about the lis pendens Best had filed and recorded in the first suit that was dismissed in December 2005.

¶4 In 2014, Best filed a third suit against the Garcias and Ceja. The Firm represented the Garcias and Ceja in the third suit.

¶5 In September 2016, Best filed this case. Best alleges the following claims against the defendants, including the Firm: (1) fraud by concealment and aiding and abetting such fraud, (2) breach of contract or aiding a breach of contract and breach of the covenant of good faith and fair dealing, (3) tortious interference in violation of Arizona Revised Statute

(A.R.S.) section 33-458 (2020),[1] (4) consumer fraud, (5) violation of A.R.S. § 13-2314.04 (AZRAC), (6) interference with a court order and business expectancy, and (7) unjust enrichment.

**¶6**        The Firm filed a motion for summary judgment, arguing that Best failed to allege or produce sufficient facts to support his claims. Best cross-moved for summary judgment. In granting the Firm's motion and denying Best's, the superior court agreed with the Firm and found Best had either failed to allege or produce sufficient facts to support his claims, or raised claims that were improper or nonexistent. The court then entered final judgment reflecting these rulings.

**¶7**        This court has jurisdiction over Best's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.    The Superior Court Correctly Granted Summary Judgment in Favor of the Firm.

**¶8**        Summary judgment is proper where "the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court reviews the grant of summary judgment de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion," *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003), to determine "whether any genuine issues of material fact exist," *Brookover v. Roberts Enter., Inc.*, 215 Ariz. 52, 55 ¶ 8 (App. 2007). When uncontroverted, "facts alleged by affidavits attached to a motion for summary judgment may be considered true." *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981). The grant of summary judgment will be affirmed if it is correct for any reason. *Hawkins v. State*, 183 Ariz. 100, 103 (App. 1995).

**¶9**        In his opening brief on appeal, Best argues the superior court erred because it made findings "inconsistent with the facts presented." To the contrary, the court made findings consistent with the record presented, albeit inconsistent with Best's allegations and argumentative statements. There is no showing the court made findings inconsistent with facts that

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

were properly supported by the record. *See* Ariz. R. Civ. P. 56(c)(3). Accordingly, the court addresses each of Best's claims in turn.

### A. The Undisputed Facts Support the Finding That the Firm Had No Role in the Underlying Disputes.

**¶10** Entry of summary judgment requires the material facts be undisputed, and that "only one reasonable inference can be drawn from those facts." *Ancell v. Union Station Assoc., Inc.*, 166 Ariz. 457, 459 (App. 1990). The Firm alleged it first became involved in the dispute when it was retained by Ceja "in the latter part of 2013." This was after the Garcias sold the Property to RPIM, and after Ceja and RIPM entered into the Option — the two acts that provide the factual basis for the underlying dispute. Best does not dispute the timing of the Firm's engagement with Ceja. Nor did he offer proof that the Firm was involved in the dispute before 2013. Thus, the court properly relied on the undisputed facts to conclude that the Firm was not involved in the factual basis for the underlying dispute.

### B. Best's Claims of Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing Fail as a Matter of Law.

**¶11** "[I]n an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170 ¶ 30 (App. 2004). The Firm's motion for summary judgment stated it never entered into a contract with Best. Best provided no evidence to the contrary. Accordingly, the superior court correctly found Best's contract-based claims failed as a matter of law.

### C. A.R.S. § 33-458 Does Not Create a Private Right of Action.

**¶12** A person who fraudulently agrees to sell land they previously agreed to sell is guilty of a class 4 felony. A.R.S. § 33-458. The superior court held that this statute does not provide for an express or implied private right of action. *See Burns v. City of Tucson*, 245 Ariz. 594, 596 ¶ 6 (App. 2018). Best has not shown that holding was in error. Even if a private right of action existed, the court found that because there was no agreement between Best and the Firm to sell the Property, any hypothetical claim would fail for lack of evidence. Accordingly, the court properly dismissed Best's purported claim under A.R.S. § 33-458.

### D. Best's Consumer Fraud Claim Was Not Factually Supported.

¶13 To sustain a private cause of action under Arizona's Consumer Fraud Act, a plaintiff must prove "a false promise or misrepresentation made *in connection with the sale or advertisement* of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342 (App. 1983) (emphasis added). Here, while the superior court found the evidence showed the Firm had "some involvement with an irregularity of a notarized document," that document was not a deed and not connected to the sale or advertisement of the real estate at issue. Nor did Best present evidence of any inaccurate statements by the Firm, the Firm's knowledge of inaccurate statements, or fraudulent concealment by the Firm. Therefore, the court correctly dismissed Best's Arizona Consumer Fraud Act claim.

### E. The Superior Court Correctly Dismissed Best's Claim Under A.R.S. § 13-2314.04.

¶14 "A person who sustains reasonably foreseeable injury to his person, business or property by a *pattern of racketeering activity* . . . may file an action in superior court." A.R.S. § 13-2314.04 (emphasis added). A plaintiff must show at least two related and continuous acts defined in A.R.S. § 13-2301(D)(4) to establish a pattern. A.R.S. § 13-2314.04(T)(3). The court found that Best failed to present evidence sufficient to prove the elements of this claim against the Firm — no evidence of a pattern of unlawful activity, no evidence of a violation of A.R.S. § 13-2301(D), and insufficient evidence to support a claim under A.R.S. § 13-2314.04(T)(3). The record fully supports these findings. Therefore, Best has not shown the court erred in dismissing this claim.

### F. The Superior Court Correctly Dismissed Best's Tortious Interference Claims.

¶15 A party seeking summary judgment "must set forth . . . the specific facts relied on in support of" the motion for summary judgment and "must cite the specific part of the record where support for each fact may be found." Ariz. R. Civ. P. 56(c)(3)(A). "When a moving party meets its initial burden of production by showing that the non-moving party does not have enough evidence to carry its ultimate burden of proof at trial, the burden then shifts to the non-moving party to present sufficient evidence demonstrating the existence of a genuine factual dispute as to a material fact." *Nat'l Bank of Arizona v. Thruston*, 218 Ariz. 112, 119 ¶ 26 (App. 2008).

¶16      "A prima facie case of intentional interference with contract requires alleging . . . intentional interference inducing or causing a breach . . ." *ABCDW LLC v. Banning*, 241 Ariz. 427, 437 ¶ 37 (App. 2016) (citing cases). A claim for "tortious interference with a business expectancy must allege (1) the existence of a valid business expectancy; (2) the interferer's knowledge of the business expectancy; (3) the interferer intentionally induced or caused termination of the business expectancy; and (4) damage suffered as a result of termination of the business expectancy." *Dube v. Likins*, 216 Ariz. 406, 412 ¶ 14 (App. 2007). "A claim for tortious interference with a business expectancy is insufficient unless the plaintiff alleges facts showing the expectancy constitutes more than a mere 'hope.'" *Id*.

¶17      In his cross-motion for summary judgment, Best offered no specific arguments against the Firm as to these claims. He did not allege that he had a valid business expectancy that amounted to more than a hope, or that the Firm intentionally interfered with the contract between Best and Garcia, or Garcia and RPIM. Nor did he offer any supporting evidence.

¶18      Best argues the superior court erred because he was not required to submit admissible evidence. While evidence presented by the nonmoving party need not necessarily be in a form that would be admissible at trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (interpreting Fed. R. Civ. P. 56), Best failed to provide facts supporting his claims, Ariz. R. Civ. P. Rule 56(c)(3)(A). Best has not shown the court erred in dismissing his tortious interference claims.

### G.    There Is No Cause of Action for Interference with a Court Order.

¶19      Best claims that "[j]udgments are contracts," and therefore interference with a court order is akin to interference with a contract. But Best provides no authority that a judgment is a contract for purposes of a tortious interference claim, and this court has found none. Therefore, the court correctly dismissed Best's claim for interference with a court order.

### H.    The Firm Was Not Unjustly Enriched.

¶20      To make a claim for unjust enrichment, a plaintiff must show: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of a remedy of law. *Span v. Maricopa Cty. Treasurer*, 246 Ariz. 222, 227 ¶ 15 (App. 2019). "[U]njust enrichment provides a remedy when a party has received a benefit at

another's expense and, in good conscience, the benefitted party should compensate the other." *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318 ¶ 10 (App. 2012) (citing cases).

**¶21** The superior court found Best failed to provide sufficient evidence to meet the elements of his unjust enrichment claim. Importantly, Best provided no evidence of any connection between the Firm's alleged enrichment and his impoverishment. Therefore, the superior court correctly dismissed Best's claim for unjust enrichment against the Firm.

## II. Best Has Not Shown That the Superior Court Failed To Properly Consider the Summary Judgment Record.

**¶22** Best alleges the superior court did not review "Plaintiff's Controverting Statement of Facts and Objections to Dominguez's Motion for Summary Judgment," filed August 30, 2019, before entering its order. In its ruling, the superior court specified the documents it reviewed, including Best's cross-motion for summary judgment "filed August 30, 2019 together with the Statement of Facts and Exhibits filed concurrently therewith." The court did not state the complete names of each document it reviewed. For example, it stated it reviewed the Firm's "Statement of Facts and Exhibits filed concurrently" with its reply in support of motion for summary judgment. That document was titled, in full, "Controverting and Additional Statement of Facts In Support of Its Reply in Support of Motion for Summary Judgment." Therefore, Best has not shown that the court failed to review his controverting statement of facts.

## III. Best Did Not Properly Raise the Issue of the Superior Court's Denial of His Motion to Clear Title.

**¶23** Best moved to clear title in the Property, arguing Ceja "unlawfully holds [his] title." The motion was directed only at Ceja, not at the Firm nor any other named defendants. The Firm did not respond to the motion, and Best did not raise the issue in his cross-motion for summary judgment.

**¶24** Best appealed the superior court's grant of motion for summary judgment for the Firm. Best did not raise the denial of the motion for clear title in his notice of appeal. *See* Ariz. R. Civ. App. P. 8(c)(3). On appeal, Best argues that the superior court erred in denying his motion to clear title. Arguments raised for the first time on appeal are waived, *Cont'l v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Schurgin v. Amfac Elec. Distribution Corp.*, 182 Ariz. 187, 190 (App. 1995).

Therefore, Best did not properly raise the issue of the superior court's denial of his motion to clear title.

## CONCLUSION

**¶25** The judgment is affirmed. The Firm is awarded its taxable costs incurred on appeal contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA