NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KARLA JOHNSON, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0268

FILED 10-28-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2024-027824
The Honorable Christopher Whitten, Judge

**AFFIRMED**

---

COUNSEL

Karla Johnson, Arlington, TX
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Daniel P. Schaack, Julie M. Rhodes
*Counsel for Defendants/Appellees*

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore
*Counsel for Defendant/Appellee Maricopa County*

---

**MEMORANDUM DECISION**

---

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

---

**F U R U Y A**, Judge:

**¶1** Karla Johnson challenges the dismissal of her complaint against the State of Arizona, the Department of Child Safety ("DCS"), a DCS employee, two Superior Court judges, and Maricopa County. Because Johnson has not shown any error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Sara Y. fatally overdosed in 2023. Sara's mother and personal representative, Johnson, sued Appellees, alleging they were responsible for Sara's death. Johnson maintained Sara's death was a result of mental health issues stemming from termination of Sara's parental rights to her four children following DCS-instituted proceedings beginning in 2009.

**¶3** Johnson asserted several claims, including wrongful death, intentional infliction of emotional distress, and negligence. Appellees successfully moved to dismiss the complaint for failure to state a claim under Arizona Rules of Civil Procedure ("Rule") 12(b)(6). Johnson timely appealed. This court has jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

**¶4** We review a Rule 12(b)(6) dismissal de novo. *Silverman v. Ariz. Health Care Cost Containment Sys.*, 255 Ariz. 387, 390 ¶ 9 (App. 2023). When reviewing such dismissals, "we consider only the complaint and its well-pled factual allegations and assume the truth of those allegations." *Luu v. Newrez, LLC*, 253 Ariz. 159, 162 ¶ 8 (App. 2022) (citing *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008)). We affirm a dismissal under Rule 12(b)(6) only if, "as a matter of law[,] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *CVS Pharmacy, Inc. v. Bostwick*, 251 Ariz. 511, 515–16 ¶ 10 (2021) (citation modified) (quoting *Fid. Sec. Life Ins. Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998)).

**¶5** Johnson only challenges procedural and jurisdictional aspects of the court's ruling dismissing her case. We address the alleged procedural defects, as well as her judicial misconduct claims, in turn.

**I. The Superior Court Did Not Err by Not Making Findings or Holding a Hearing in Resolving a Motion to Dismiss.**

**¶6** Johnson contends that the court violated her due process rights by "issuing orders without findings" and holding no hearings. In support of her due process argument, Johnson cites Rules 7.1(b), 12(b), and 55 as requiring the court to provide detailed findings in its judgments.

**¶7** "Procedural due process means that a party had the opportunity to be heard at a meaningful time and in a meaningful manner." *Sycamore Hills Ests. Homeowners Ass'n, Inc. v. Zablotny*, 250 Ariz. 479, 485 ¶ 24 (App. 2021) (citation modified) (quoting *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106–107 ¶ 20 (App. 1999)). Thus, we address Johnson's arguments in the context of whether she was provided an opportunity to be heard at a meaningful time and in a meaningful manner. *Id.*

**¶8** Rules 7.1(b), 12(b), and 55 are inapplicable to Johnson's case. Rule 7.1 provides the requirements for motions to be properly filed in court, Rule 12(b) lists the defenses to a claim for relief, and Rule 55 addresses default. None of these rules include requirements for the content of a court's order and none require the court to provide explicit findings in its orders.

**¶9** Rule 52(a)(3), on the other hand, explicitly states, "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ."[1] Indeed, entry of such findings would have been improper under the circumstances presented by this case. *See Coleman v. City of Mesa*, 230 Ariz. 352, 363 ¶ 46 (2012) ("In adjudicating a Rule 12(b)(6) motion to dismiss . . . a court does not resolve factual disputes between the parties on an undeveloped record."). When, as here, the court is called upon to resolve a motion to dismiss per Rule 12(b)(6), "[t]he only facts properly before it to consider [are] the well-pleaded factual allegations in [the plaintiff's] complaint[,]" *Gersten v. Sun Pain Mgmt., P.L.L.C.*, 242 Ariz. 301, 303 ¶ 7 (App. 2017), and as to these, the court must assume their truth for purposes of resolving the motion, *Luu*, 253 Ariz. at 162 ¶ 8. Absent a reason

---

[1] The Rules do permit a party to move the court to make findings after entry of judgment under circumstances not applicable to this case. *See* Rule 52(a)(3), (b). And in any case, Johnson did not file any such motion.

to merit further explanation—such as when, for example, the court declines to accept an allegation as true because it is conclusory, *Acri v. State*, 242 Ariz. 235, 238 ¶ 5 (App. 2017)—this presumption of truth obviates the need for express findings because such findings are already subsumed in the presumption of truth.

**¶10**     As to the court's legal conclusions, the court expressly adopted and incorporated by reference Appellees' reasoning stated in their motions as the rationale for its dismissal. Appellees raised detailed arguments in their Motions to Dismiss which gave Johnson sufficient information regarding the bases of the court's decision to challenge the ruling. And Johnson did challenge the ruling.

**¶11**     The Rules also do not require the court to hold a hearing. Specifically, Rule 7.1(c)(1) states that "as the court considers reasonable, [the court] *may* make orders for the advancement, conduct, and *hearing* of motions." (emphasis added). This language commends the decision of whether to hold a hearing to the discretion of the trial court. *See Garcia v. Butler in & for Cnty. of Pima*, 251 Ariz. 191, 194 ¶ 13 (2021) ("Generally, the use of 'may' indicates permissive intent and a grant of discretion."). Therefore, the court did not err by exercising that discretion to not hold a hearing when it was not required to do so.

**¶12**     The court's order complied with the Rules and due process was satisfied. It did not err by failing to make explicit findings or by not holding hearings where none were required.

## II.     The Superior Court Did Not Violate Rule 58(a).

**¶13**     Johnson also asserts that the court's dismissal is void because "[t]he unsigned dismissal minute entry of January 21, 2025, lacks the signature and certification required under [Rule] 58(a) and Rule 54(c)." Although the minute entry contained the court's decision and supportive reasoning, it was not a final judgment, and therefore, did not need to be signed or certified.

**¶14**     A judgment "includes . . . any order from which an appeal lies." Rule 54(a). To be final, a judgment must recite that no further matters remain pending and that a judgment is entered pursuant to Rule 54(c). An action does not terminate until final judgment is entered.

**¶15**     Compliance with Rule 58(a) is required for an appeal, and the rule lists the procedures for submitting the form of judgment and providing parties with an opportunity to object to the form. "Proposed forms of

4

judgment must be served on all parties and must comply with Rule 5.1(d) and 54(h)." Rule 58(a)(1). Also, "[a] judgment may not be entered until 5 days after the proposed form of judgment is served . . . ." Rule 58(a)(2).

**¶16**         Here, Appellees submitted their joint proposed Form of Judgment in February 2025 and Johnson filed her Objection the following day. The judge signed the proposed Judgment as required by Rule 58(a), and it also contained the required finality certification, stating: "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that no further matters remain pending and this judgment is entered under Rule 54(c). . . ." (bolding removed). Therefore, the court complied with the required judgment procedures and properly certified its finality. There was no need or requirement to do similarly for the January 21, 2025 minute entry, upon which this later final judgment was predicated.

### III.    Johnson's Notice of Removal to Federal Court was Ineffective and the Superior Court Had Jurisdiction.

**¶17**         Johnson filed a Notice of Removal to Federal Court and maintains that, as a result, the superior court lost jurisdiction under 28 United States Code ("U.S.C.") Section 1446(d), "which mandates that state courts 'shall proceed no further' after a removal notice is filed." However, a *plaintiff* is not authorized to remove to federal court a suit she chose to file in state court in the first instance. Rather, 28 U.S.C. Section 1446(a) authorizes civil actions to "be removed *by the defendant or the defendants*, to the district court of the United States" for the district and division embracing the place where such action is pending. *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988). Therefore, the right of removal to a federal court is limited to defendants. *Id.*

**¶18**         Here, it was Johnson who filed the Notice of Removal. But as the plaintiff, she could not remove her own lawsuit to federal court after having already chosen state court as the venue for the dispute. Thus, her Notice of Removal was meritless and ineffective, and the superior court retained jurisdiction over the case.

### IV.    The Assertions of Judicial Misconduct are Unsupported and the Judgment Remains Effective.

**¶19**         Finally, Johnson asserts that multiple superior court judges were biased against her and committed judicial misconduct. "[W]e presume that a judicial officer is impartial, and the party challenging the officer's impartiality must prove bias or prejudice by a preponderance of the evidence." *State v. Macias*, 249 Ariz. 335, 342 ¶ 22 (App. 2020) (citation

modified) (quoting *In re Aubuchon*, 233 Ariz. 62, 66 ¶ 14 (2013)). "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or deep-seated favoritism." *Id.* To rebut a presumption of judicial impartiality, a party must "show actual bias; mere speculation about bias is not sufficient." *Emmett McLoughlin Realty, Inc. v. Pima County*, 212 Ariz. 351, 357 ¶ 24 (App. 2006).

¶20 Here, Johnson alleges judicial misconduct arising from the judges' refusal to hold hearings, ruling without findings, and disregarding her motions. But all the suspect conduct of which she complains arose in the context of litigation. In other words, she has alleged no extrajudicial source of bias. As such, her assertions fail to support a finding of bias or partiality beyond judicial rulings, as required by *Macias*. 249 Ariz. at 342 ¶ 22.

¶21 Johnson also asserts the judges obstructed judicial process by failing to address her Notice of Removal. As stated above, Johnson was not permitted to remove her case to federal court because she is the plaintiff. Thus, this assertion fails to show actual bias. Therefore, Johnson has not met her burden of showing bias or partiality beyond her mere conclusory speculation as to that bias. Consequently, Johnson has failed to rebut the presumption that the judges were impartial.

¶22 Johnson has shown no error.

## CONCLUSION

¶23 We affirm.

